## ATTAWAY et al. v. BENNINGTON LUMBER CO.

No. 8989—Opinion Filed July 9, 1918.

Rehearing Denied Aug. 13, 1918.

(174 Pac. 507.)

### 1. Appeal and Error—Trial After Remand—Evidence—Instruction.

Where upon a former appeal the evidence is examined and held to fairly support the allegation of the petition to the effect that the defendants jointly and severally verbally promised to pay for lumber furnished the contractor for the purpose of constructing certain buildings, and that said contract was not affected by the second subdivision of the statute of fraud (section 941, Rev. Laws 1910), held that upon a retrial of said cause it is not error for the court to instruct the jury that if they believed from the evidence that defendants agreed to pay plaintiffs the debt sued on, they would be liable; and, if they had not so agreed to pay it, then they were not liable.

### 2. Trial—Instruction.

That it is not error for the court to refuse to instruct the jury that, in order to establish the liability of the defendants for material furnished previous to the time plaintiffs alleged the agreement was made, it was necessary for the plaintiff to show that the defendants agreed to pay for same

as a part of the consideration of plaintiff furnishing the material necessary to complete the building; the court having instructed them that they must find that plaintiffs had agreed to pay for all material furnished thereafter and for all material furnished theretofore, which remained unpaid before they could find for plaintiffs.

### 3. Estoppel—Payment of Debt of Another —Evidence.

Where B. Lumber Company sued A. and Z. upon an oral promise to pay for lumber furnished the contractor erecting store buildings for A. and Z., part of which had been furnished prior to the time of the promise, and the evidence of plaintiff shows that at the time of the promise upon which plaintiff's suit is based that the defendants admitted that they had in their possession $1,300, an amount in excess of that claimed by plaintiff, held, that it was not error to refuse to allow defendants to prove that the cost of the buildings greatly exceeded the contract price, and that the full contract price had been paid and the pro rata part due the lumber company had been paid to it, and that there was no funds in the hands of A. and Z. due to the contract price.

(Syllabus by West, C.)

Error from District Court, Bryan County; Jesse M. Hatchett, Judge.

Suit by the Bennington Lumber Company against H. W. Attaway and another. Judgment for plaintiff, and defendants bring error. Affirmed.

McPherren & Cochran and V. B. Hayes, for plaintiffs in error.

Kyle & Newman, for defendant in error.

Opinion by WEST, C. This suit was instituted in the district court of Bryan county, Okla., by defendants in error against plaintiffs in error upon an oral promise to pay for lumber used by McFarland Construction Company in certain buildings, erected by plaintiffs in error in Bennington, Bryan county, Okla. Judgment was had in favor of defendant in error, plaintiff below, against plaintiffs in error, defendants below, for the amount sued for. Plaintiffs in error, defendants below, prosecute this appeal. The parties will hereinafter be designated as they appeared in the court below.

It appears that this case was before this court in a former appeal under the style of Bennington Lumber Co. v. Attaway, and is reported in 58 Okla. 229, 158 Pac. 566, the syllabus of which is as follows:

"Record examined, and held: (1) That the evidence fairly tends to support the allegations of the petition to the effect that the defendants jointly and severally verbally promised to pay for the lumber furnished the contractor for the purpose of constructing their buildings; (2) that this contract was not affected by the second subdivision of the statute of frauds (section 941, Rev. Laws Okla. 1910), which provides: 'The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent: * * * Second. A special promise to answer for the debt, default or miscarriage of another except in the cases provided for in the article on guaranty.'"

Defendants prosecute this second appeal under four assignments of error, and argue the same under two propositions: (1) That the court erred in giving the following instruction, to wit:

"If you believe from the evidence that the plaintiff furnished $718.05 worth of material at the time alleged, which went into the buildings of the defendants and which is still unpaid for, and you further believe from the evidence that the defendants, Attaway and Zank, agreed with the plaintiffs prior to the completion of said buildings that they would pay the plaintiff for all material furnished thereafter and for all material which had been furnished theretofore which remained unpaid for, then it would be your duty to find for the plaintiff against both of the defendants for the amount sued for. On the other hand, unless you find that the defendants agreed to pay the plaintiff for such material, then it would be your duty to find for the defendants. The vital question in this case is: Did Attaway and Zank agree to pay the plaintiff this debt. If they did agree to pay it, then they were liable for it. If they didn't agree to pay it, then they are not liable for it. The simple fact that the material furnished may have gone into their buildings doesn't make them personally liable for the debt, but before you can find against them you must find they jointly agreed to pay this debt."

And, second, that the court erred in refusing to give defendant's requested instruction, as follows:

"If you believe that the defendants jointly agreed to pay for the material as above instructed, you are further instructed that, in order to establish liability of the defendants for the material furnished previous to the time plaintiff alleges the agreement was made, it is necessary for the plaintiff to show that the defendant agreed to pay for the same as a part of the consideration for plaintiff furnishing to defendants the material necessary to complete the buildings; otherwise such promise would be a promise to answer for the debt of another, and, not being in writing, would not be binding on the defendant."

In view of the record in this case and the

decision upon the former appeal, we are of the opinion that this contention is not well founded. It appears that the trial court in his instruction followed the law announced in the former appeal; that is, he instructed the jury that if defendants agreed with plaintiff to pay for all material furnished theretofore, then it would be their duty to find for the plaintiff against defendants, but, unless they so found, it would be their duty to return a verdict in favor of the defendants. We think that this instruction clearly submitted the case to the jury under the law, that had been theretofore announced in the case.

Considering the second proposition raised by the assignment of error No. 2, which is directed at the action of the court in refusing to permit the defendant to answer this question, "Have you paid on your buildings the amount of the contract price?" plaintiff objected to this question, and the objection was sustained. The record discloses that the defendants expected to prove by the witness that the cost of the material greatly exceeded the contract price, and that the full contract price had been paid, and that the pro rata part due the Bennington Lumber Company for material furnished was paid to the Bennington Lumber Company. It was in evidence on the part of the plaintiff that, at the time of the agreement or promise which they were suing on and which it relied on to sustain its case, the defendants told the representative of the plaintiff that they had $1,300 or $1,350 on hand, balance due by them to the McFarland Lumber Company, upon the contract price, and that the bill of lumber which defendants agreed to assume and pay amounted to $1,100. In our view of the case this evidence was properly excluded by the court as it was a matter that was wholly immaterial, and it would have been improper to have submitted this evidence to the jury for consideration in reaching a verdict on the real issue in the case. There was no error upon the part of the trial court in excluding this testimony.

Finding no error in the record that warrants a reversal of this cause, the same should be in all things affirmed.

By the Court: It is so ordered.