## ST. LOUIS-S. F. RY. CO. v. ROUTH.

No. 17679. Opinion Filed April 10, 1928.

Rehearing Denied Dec. 4, 1928.

E. T. Miller and Stuart, Cruce & Franklin, for plaintiff in error.

. Johnston & Paddock and Prentiss E. Rowe, for defendant in error.

DIFFENDAFFER, C. This action is an action brought by defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover damages resulting from a collision between a Ford automobile, driven by plaintiff, and the locomotive of a train operated by defendant at a highway crossing on defendant's road.

Plaintiff relies for his right of recovery upon negligence of defendant The collision occurred at a point, where a public highway running north and south between the towns of Jennings and Hallett, crosses railroad of defendant, which also runs nearly in a north and south direction between said towns.

The highway running north from Jennings follows the section line to a point about one-fourth of a mile south of the crossing where the accident occurred, where the right of way of defendant running slightly west of north approaches the section line on the east side thereof. The highway then leaves the section line, and runs parallel with the railroad to the crossing, at which place the center of the railroad right of way is about 200 feet west of the section line. There the highway curves to the right, and crosses the railroad, and returns to the section line, thus forming what is called a compound curve. For a part of the way north from where the highway leaves the section line, the railroad runs through a cut some five or six feet deep; the earth from which cut had been piled up between the railroad and the highway. Through this cut, in addition to the main line, it appears defendant had constructed a switch or side-track extending to a point about 150 feet south of the crossing and some distance north from the north end of the cut.

The allegations of negligence are: In the construction of the road, the earth taken from the cut was piled up between the railroad and the highway, so as to obstruct the view and hearing of one traveling along the highway approaching the crossing from the south; placing of switch and certain cars thereon between the railroad and the highway, thus further obstructing the view and hearing; so constructing the embankment and railroad as to empound the surface water south of the crossing so as to cause the water to collect along the railroad and run onto the highway at the crossing and in the railroad right of way for sometime after a rain, so that the highway and on the crossing approaching the railroad from the west side would remain wet and slippery for sometime after the highway out from the right of way had become dry; and failure to sound the whistle or ring the bell on the locomotive for the highway crossing; and that the train which struck plaintiff approached the crossing from the south at an excessive rate of speed.

Plaintiff claimed that while traveling north along the highway approaching said crossing, he was prevented from seeing or hearing the approach of the train by the embankment and cars standing upon the side-track until he had arrived at a point near the crossing, and that when he did discover the approaching train he applied the brakes on his automobile, but that on account of the slippery condition of the road at that point, he was unable to stop his automobile, so that it slipped or "skidded" onto or so near the railroad track that it was struck by the locomotive and in some way was caught by it and carried or dragged for a distance of about 300 feet, by which he received the injuries and by which his automobile was demolished, causing the damages for which he sues.

Defendant's answer was a general denial and plea of contributory negligence.

The case was tried to a jury, resulting in a verdict for plaintiff, upon which judgment was rendered, and defendant brings this appeal.

Defendant sets out 21 specifications of error, which he submits under five propositions. The first is that the verdict is not sustained by sufficient evidence. Defendant concedes that there is sufficient evidence, if believed, to establish the fact that insufficient signals were given, but claims that of itself is insufficient to sustain the verdict in view of plaintiff's evidence that he saw the train approaching when he was some 70 or 80 feet from the railroad track. Defendant argues that it would be a perversion of the law to allow a recovery where the driver of an automobile, approaching a crossing with which he is familiar on an approximately level road, discovers an oncoming train when he is as much ac 70 or 80 feet from the track, and then, owing to the speed of his car or the inefficiency of its equipment, or recklessness on his part, drives onto the track in front of the train.

We think it sufficient on this point to say that these were questions of fact involved in the plea of contributory negligence which were submitted to the jury under proper instructions. The jury having passed upon that question, we are precluded from saying that plaintiff was guilty of contributory negligence.

Defendant also fails to take into consideration the allegations and evidence with reference to the condition of the roadway at that point and its cause.

The next proposition is that the court erred in the instructions to the jury, and that proposition is subdivided into seven questions of alleged error. The first is that the court failed to properly define the issue to the jury, and instead thereof quoted plaintiff's voluminous petition, "which had been drawn by plaintiff's attorney in the verbose manner characteristic of him."

Defendant cites Lambard-Hart Loan Co. v. Smiley, 115 Okla. 202, 242 Pac. 212, and Schaaf, Receiver, v, Richardson, 120 Okla.

70, 254 Pac. 496, as supporting its contention. In the Lambard-Hart Loan Co. v. Smiley case, it is said the court refused' to define the issues, but instead submitted the pleadings in their entirety to the jury. In Schaaf, Receiver, v. Richardson, it appears that the court there refused over the objection of defendant to define the issues, but instead copied in full the pleadings, and left the jury to determine what issues were submitted.

An examination of the record in the instant case discloses that the court did not quote the pleadings in their entirety. The court did quote quite extensively from the pleadings, and included many. matters which might well have been left out, but we do not find that he included anything which did not have some evidence to support it. We think, however, that defendant did not bring itself within the rule in such cases, so as to require a reversal on account of failure of the court to properly define the issues to the jury.

In Schmucker v. Clifton, 62 Okla. 249, 162 Pac. 1094, a case wherein the entire pleadings were submitted to the jury in lieu of a statement of the issues, it was said:

"While we think it would have been better practice to have more distinctly stated the issues involved in the trial than was done by copying into the instruction given the pleadings in the case, we think that by reason of the opportunity given by the trial judge, who gave ample time and invited the attorneys for the parties to prepare instructions to be submitted to him, and to review the instructions prepared in the case before they were given to the jury, if the defendant felt that the issues had not been properly defined, then the attorney of the defendant should have prepared instructions, and presented them to the judge, strictly defining the issues involved."

Here counsel for defendant was given ample time to examine the instructions given and to prepare and submit instructions, and in fact did submit some 21 instructions, but did not see fit to submit an instruction defining the issues. If counsel had reason to believe that the jury would not understand the issues from the instructions given, or if he was dissatisfied with the manner in which the issues were stated by the court, it was his duty to offer an instruction properly stating the issues.

Complaint is next made that the court erred in its instructions defining damages. We see no error in this, as the court followed the language of the statute.

The next complaint is that the court erred in telling the jury that the burden was on plaintiff to show that the negligence charged was the proximate cause of the injury. This contention is clearly without merit, and no authority is cited in support thereof.

It is next contended that the court erred in instructing the jury that defendant had a right to construct the necessary cuts, curves, and fills at such place as it deemed necessary, but it was the duty of defendant to use care and caution in the constructing and maintaining same, maintaining its roadbed and road crossing thereover, that the public might not be unreasonably hindered or obstructed in the use of the right of passage over the premises at the intersecting highways, and that the jury might consider the fact that there was a curve, cut or fill and large embankment for the purpose of determining the exact facts as to the exercise of due and proper care in the construction and maintenance of the railway tracks and right of way. It is said that this instruction left the matter entirely with the jury as to whether or not it was negligence on the part of defendant to construct its track on a curve, to make a cut at a certain place, to make a fill at a certain place, etc. Such is not the effect of the instruction. The instruction told the jury, and we think properly so, that they might take into consideration the fact that there was a cut, curve or fill near the crossing in determining whether or not due care had been exercised in the construction and maintenance of the track and right of way at and near the crossing. A part of the issues was whether or not defendant had in constructing its railway tracks piled earth from the cut along its track, and between the track and the highway, so as to obstruct the view and hearing of a traveler on the highway approaching the crossing from the south. We think the jury might properly take into consideration all the existing conditions, brought by defendant as shown by the evidence, in determining the question of care, or want of care, in the premises.

Complaint is next made that the court erred in giving instruction No. 25, which instruction, after defining the duty of defendant with reference to giving the statutory signals and warnings at the approach of the crossing, and the additional duty to take notice of peculiar conditions constituting special hazards at the particular crossings, etc., told the jury:

"And if you find from the evidence that the defendant either failed to exercise this statutory obligation or these. rules. of prudence and' care in operating its trains which

the conditions made reasonably right and proper to be observed, then you may find for the plaintiff and against the defendant for such sum or sums as he may, under the proof in this case and in your judgment, be entitled to recover. Provided, however, that you do not further find that the plaintiff has himself been guilty of contributory negligence as otherwise referred to in these instructions."

Defendant cites Hines, Director Gen. of R. R., v. Dean, 96 Okla. 107, 220 Pac. 860, wherein this court held an instruction as error, as follows:

"The court instructs the jury that if you conclude that the defendant failed to give the signals required by the statute and hereinbefore explained to you as a matter of law, the plaintiff would be entitled to recover such damages as you may conclude she has sustained, unless you further find from the evidence in the case that the plaintiff was guilty of negligence which contributed to the injury"

—and further held that such error was not cured by other instructions correctly stating the law, and which were:

"The jury are instructed that, before the plaintiff can recover, she must prove by a preponderance of the evidence that her injuries were caused in the manner alleged in the petition, and that the defendants were guilty of one or more of the acts of negligence alleged in the petition, and that said act or acts were the direct and proximate cause of said injuries."

The instruction here complained of is incorrect, in that it fails to tell the jury that, in order to constitute actionable negligence, the failure of defendant to give the statutory signals, and failure to exercise proper care in reference to other special hazards, must have been the proximate cause of plaintiff's injury. It is not like the instruction given in Hines, Director Gen. of R. R., v. Dean, supra, for there the jury was told that if the jury should find that the defendant failed to give the signals required by law, plaintiff would be entitled to recover as a matter of law, unless the jury should further find that plaintiff was guilty of negligence which contributed to the injury. Here the jury was not told that plaintiff was entitled to recover as a matter of law, and when this instruction is read in connection with the other instructions, two of which, No. 11 and No. 27, told the jury in plain and unmistakable language that, before plaintiff would be entitled to recover, it must be shown that the injuries were caused by the negligence of defendant, and again in No. 5 the jury was told that the burden was on plaintiff to show that the negligence charged was the proximate

cause of the injury, we do not think the jury could have been misled by the inadvertent omission of this qualifying clause in the instruction complained of. We think the instruction in this case came clearly within the well-established rule that, where an instruction is inaccurate or incomplete and the inaccuracy or incompleteness is cured by other instructions, and it is clear the jury has not been misled, a case will not be reversed for such inaccurate or incomplete instruction. The principal objection to the instruction in Hines, Director Gen. of R. R., v. Dean, supra, was that it told the jury that the plaintiff would be entitled to recover as a matter of law, if the statutory signals were not given, unless the evidence should show that the plaintiff was guilty of contributory negligence.

Objection is also made to instruction No. 27, in that it failed to define the duties of defendant and left the jury to determine such duties. The duty of defendant was properly defined in other instructions, and we think it was unnecessary to repeat them.

Complaint is also made of instruction No. 29, in submitting the question of the permanency of plaintiff's injury to the jury. We think it sufficient to say that there was ample evidence of expert witnesses, and aside from the evidence of plaintiff himself, to warrant the submission of this question to the jury, so that the cases cited by defendant in support of its contention in this regard, viz., Hines, Director Gen. of R. R., v. Dean, supra, and Shawnee-Tecumseh Traction Co. v. Griggs, 50 Okla. 566, 151 Pac. 230, are not in point.

Under the third proposition defendant presents objections to the introduction of certain evidence, the chief objection being that the court allowed plaintiff to introduce several photographs of the scene of the accident, taken some six months after the accident. We think the rights of defendant were properly protected by the trial court. The record discloses that the court in admitting the photographs cautioned the jury that the photographs were only to be considered for the purpose of picturing the conditions in the vicinity of the crossing at the time of the accident. At the time the photographs were admitted in evidence the following statements were made:

"Mr. Franklin: Exception. Now, if they go in, your honor, we want it understood that they are going in for the purpose of picturing the conditions in the vicinity of the crossing in the condition they were in at the time of the accident, and for no other purpose. The Court: Yes, I take it that is the purpose. Mr. Johnston: Yes, sir; I

think that is a good statement of the law, too."

The photograph to which defendant objected, as not picturing the conditions as of the time of the accident, and about which certain evidence was given to that effect, was in fact excluded. We think there was no error in admitting these photographs.

Complaint is also made of the admission of evidence tending to show a change in condition made by defendant after the accident. In this we think there is no merit. No evidence was offered that this change was made by defendant. The evidence as to such change was only incidental in an effort to qualify the photograph referred to above, which photograph, plaintiff's exhibit J., was excluded.

Plaintiff was permitted to prove the condition of the highway on the day of the accident for some distance from the crossing each way. This is complained of as error. In an ordinary crossing accident, such evidence would of course be inadmissible, but here one of the acts of negligence charged was the negligent maintenance of the road on the west side of plaintiff's track and within the right of way, so as to permit water empounded by the embankment to run onto the highway on the right of way, so as to make it wet and slippery for some days after a rain, and after the roads generally had become dry. It was brought out by defendant that there had been a rain a short time before the date of the accident, and by inference defendant had sought to show that the soft or slippery condition of the highway at the crossing might be due to the fact that sufficient time had not elapsed to allow the roads generally to become dry. This evidence was competent to meet that inference. The evidence being that at the time of the accident the highway on either side of the crossing and outside the right of way was dry and in good condition.

Plaintiff was permitted to prove that he was a married man, and that his family consisted of six persons. This is complained of as error. The only theory upon which the admission of this evidence could be held to constitute reversible error is that the admission thereof might have caused the jury to return an excessive verdict. The verdict is attacked as excessive under another assignment, and we have examined the evidence as to the nature and extent of plaintiff's injuries, and do not think the amount of the verdict in the light of such evidence is so large that the admission of the evidence, here complained of, could have influenced the jury.

Defendant further complains of certain remarks and statements made by counsel for plaintiff during the course of the trial and during the closing argument. We deem it unnecessary to set out the statements here, or discuss them, except to say that they were improper, and should not have been made, and had they been permitted to remain before the jury, the question would deserve serious consideration. An examination of the record discloses that on each occasion complained of, when defendant's counsel objected, the statement was by the court withdrawn from the jury.

Defendant attacks the verdict and judgment as being excessive. The verdict was for $5,000, and defendant in its brief says it thinks $2,500 would adequately compensate plaintiff for all damages which the evidence shows he sustained. The evidence discloses that plaintiff's injuries consisted of a fractured shoulder joint; injury to his left elbow; injury to the spinal column; and several bruises in and about the body; that he was confined to his bed for about 6 or 7 months; that his shoulder and possibly his spinal column were permanently injured; and that his ability to perform labor had been impaired about 50 per cent; that he had been able to perform but little labor up to the time of the trial, which was some two years and three months after the injuries were received. There was expert evidence to the effect that the injuries were permanent. The evidence discloses that, at the time of the injury, plaintiff was 39 years old, and had been up to that time strong physically, and able to earn and was earning from $4 to $6 per day, his wages at the time of the injury being $6 per day. In view of this evidence, we do not think the verdict and judgment was excessive On the contrary, we think the verdict very moderate.

There being no sufficient error in the record to require a reversal of this case, the judgment should be affirmed.

BENNETT, HERR, JEFFREY, and LEACH, Commissioners, concur.

By the Court: It is so ordered.