## GOURLEY v. JACKSON.

No. 18473. Opinion Filed Nov. 26, 1929. Rehearing Denied March 11, 1930.

S. A. Horton, for plaintiff in error.

Shirk, Danner & Lindley and Clarence Mills, for defendant in error.

LEACH, C. This action arose out of an automobile accident. A verdict and judgment was returned and entered at both trials of the case in the district court of Oklahoma county in favor of the plaintiff, Mrs. W. S. Jackson, against the defendant, Austin R. Gourley, who brings this, his second, appeal. The parties will be referred to herein as they appeared in the trial court. The opinion in the former appeal of this case is reported in 116 Okla. 30, 243 Pac. 243.

The defendant, as grounds for reversal of the second judgment rendered against him in the district court, alleges in part that the trial court committed error in failing to sustain his demurrer to plaintiff's evidence; in failing to sustain his motion for

a directed verdict at the conclusion of all the evidence, and in failing to sustain a motion for judgment in his favor after verdict.

These first assignments of error may be considered together since the argument in support thereof appears to be largely based on the contention that plaintiffs' evidence failed to show primary negligence on the part of the defendant, and on the ground that all of the issues arising and submitted in the second trial had been decided in the former appeal in favor of the defendant.

We copy the following from defendant's brief:

"It was contended by the plaintiff in error that every legal proposition and every question of fact had been definitely determined against the defendant in error on the former appeal of this case, and that there was nothing to be tried at the subsequent trial of the case."

Defendant also contends that the plaintiff attempted to change her theory of the case on its remand and at the second trial. There is cited in support of the allegations of error and argument thereon: Oklahoma City Electric, Gas & Power Co. v. Baumhoff, 21 Okla. 503, 96 Pac. 758; St. Louis & S. F. R. Co. v. Mayne, 36 Okla. 48, 127 Pac. 474; St. Louis & S. F. R. Co. v. Hardy, District Judge, 45 Okla. 423, 146 Pac. 38; Pacific Mut. Life Ins. Co. v. Coley, 80 Okla. 1, 193 Pac. 735, and other cases of similar import wherein is announced the rule that questions of law and of fact decided on appeal become the settled law of the case and cannot be again submitted; that where the facts on a second trial or appeal are practically the same as on the first, the decision on the first appeal is the law of the case in all subsequent stages and will not be again reviewed. Also, Pace v. Continental Supply Co., 120 Okla. 302, 251 Pac. 743, and other cases, which announce the rule that parties to an action who present their case to the trial court upon a definite theory are bound thereby, and will not be permitted to change the theory of the case at any subsequent stage in the trial court or in the appellate court on appeal.

"A record on a former appeal in the same action may be looked into for the purpose of ascertaining what facts and questions were before the court, so as to see to the proper application of the rule that such decision is the law of the case." Okla. City Elec., Gas & Power Co. v. Baumhoff, supra.

An examination of the opinion rendered in the first appeal of this case discloses that one of the matters therein decided was as to the sufficiency of plaintiff's petition to state a cause of action, it being held that while some of plaintiff's allegations as to the rate of speed the defendant was driving his car and its position on the highway, standing alone and in the absence of further allegations of the circumstances and conditions, were insufficient to charge negligence, but held that certain general allegations of plaintiff's petition being in the language of the statute when read with the other allegations, were sufficient as against the demurrer thereto.

Upon remand of the case to the district court in that appeal, the plaintiff filed an amended petition presumably with a view of curing the defects in her former petition and to make it conform to the requirements stated in the opinion.

The record here presented does not show any motion on the part of the defendant to strike the amended petition on the ground that the amendment stated a different cause of action or theory from that originally pleaded as was done in St. Louis-S. F. R. Co. v. Mayne, supra, cited by the defendant, although it is intimated in the brief of the defendant that he presented such a motion, and he made the overruling of such a motion one of the grounds in his motion for new trial.

The record shows only a general demurrer to plaintiff's amended petition based on the ground that the petition failed to state facts sufficient to constitute a cause of action. As we view it, the amended petition does not allege any different cause of action from that on which the case was first tried, nor does it allege or show a change of theory. However, the defendant does not seriously contend that the amended petition states any different cause of action or theory from that stated in the former, but rather that the case was tried on a different theory, it being said in the defendant's typewritten and printed briefs in referring to the amended petition:

"We move to strike it although we contend it wasn't likely an amendment at all, and we assigned as error the failure of the court to strike the petition in our motion for new trial."

"The pleading in this case does not show the theory upon which the case was sought to be tried at this time, that is, the present time; the court, however, stated to the jury

the theory upon which the plaintiff in error was trying the case at this time."

We have examined and considered the record presented in this case on the former appeal, and the decision thereon in conjunction with the record in this appeal, with a view of determining whether such opinion finally disposed of the suit and whether it was the duty of the trial court thereunder, on receipt of the mandate or at the close of plaintiff's evidence in the second trial, to enter judgment or direct a verdict in favor of the defendant, as urged and contended for by the defendant.

In the former appeal, this case was consolidated with another case filed by W. S. Jackson, husband of the plaintiff here, and growing out of the same accident. One opinion was rendered in the two appeals although the cases were tried by different judges.

It is apparent from reading of the opinion, and an examination of the record presented in this case on the former appeal, that much of the testimony referred to in that opinion was taken from the record in the W. S. Jackson Case. Apparently the court, in the former opinion, attached much weight to the evidence of W. S. Jackson and considered it very detrimental to plaintiff's recovery and persuasive on the court in that appeal, but W. S. Jackson did not testify at either of the trials in the case of the defendant in error, his wife.

While the actual and physical facts relating to the accident must have been the same in each case, yet the recitation of the facts and viewpoint of the different plaintiffs were not the same, and the testimony as a whole was not the same when presented to the different juries, nor were the instructions the same in each case. It was stated in the former appeal that the only allegations of negligence in the case was that the defendant handled his automobile in a negligent and careless manner without regard to the safety of others and that the plaintiff failed to establish such allegation. The opinion set forth some of the instructions given in the W. S. Jackson Case, and held they were confusing and prejudicial to the defendant's rights. Reference was made in the former appear to rule 2, section 10164, C. O. S. 1921, and considerable importance was attached thereto as applied to the conduct and rights of defendant under the evidence presented, which rule provides that the driver of a vehicle overtaking another on the highways, shall, in passing the one overtaken, sound his horn and keep to the left of the center of the road. Such rule, if the facts warrant, as we think they do in the present case, should be considered in connection with rule 1 of the same statute which provides that vehicles in meeting each other shall keep to the right of the center of the road. Each rule or any specific rule must be considered and applied to the facts so as to meet the general rule, section 2, chap. 16, S. L. 1923, to the effect that drivers of vehicles on the public highway shall operate the same in a careful, prudent manner at a rate of speed not greater than is reasonable under the circumstances and with due regard to the traffic and safety to property and drivers of other vehicles.

We do not understand the rule to be that the driver of a vehicle overtaking another has the absolute or exclusive right to pass the one overtaken at any and all times, but must have due regard for the traffic and safety and rights of the drivers of other vehicles.

The defendant in the former appeal alleged error in the action of the trial court in overruling his demurrer to plaintiff's evidence and specifically requested that judgment be directed or entered by this court in his favor, but the opinion concludes as follow:

"The instructions in these consolidated cases were, taken as a whole, confusing and misleading and were prejudicial to the rights of the defendant, and for the reason herein stated, the judgment of the trial court in each of these cases should be reversed, and the cases and each of them should be remanded, with instructions to grant the defendant a new trial in each case."

"Where a decree is reversed and cause remanded with directions to the trial court to grant a new trial, it stands the same, except as to questions of law settled by the proceedings in error, as if no trial had been had. The parties may, if the case warrants, amend their pleadings under proper restrictions in such way as to conform to the views of the appellate court in respect to the allegations of fact necessary to entitle them to the relief sought." Turk v. Page, 68 Okla. 275, 174 Pac. 1081.

See, also, McIntosh, v. Lynch, 93 Okla. 174, 220 Pac. 367; Attaway v. Bennington Lumber Co., 73 Okla. 15, 174 Pac. 507. It was also held in Powell v. United Mining & Milling Co., 107 Okla. 170, 231 Pac. 307; Kelly v. Okmulgee Gas Co., 128 Okla. 237, 262 Pac. 649, and other authorities therein cited, that there are in some cases exceptions to the rule that the decision in a former appeal is conclusive in a subsequent appeal.

From a consideration of the former opin-

ion, we do not think it was intended, or at least that it should be construed, in so far as the same is applicable to the plaintiff in the instant case, as a final adjudication of her case so as to preclude a retrial of the same.

The defendant, plaintiff in error, in some parts of his argument in support of the errors complained of, intimates and in effect states that the plaintiff did not testify the same at each of the trials of her case, and committed perjury, while in another portion of his brief and upon a different theory of error, he states that there was no material difference in the testimony.

It is stated in the brief of the plaintiff in error at pages 31, 43, and 65, in reference to the testimony of the plaintiff:

"She cannot, after the Supreme Court has held against her, change her former theory or testimony; * * * she either testified falsely at one trial or the other. The testimony in the former case must be perjury, * * * or the testimony she tries to get before this court * * * is perjury. * * *"

"The court will bear in mind that our contention is that the evidence is not different than what was given before, but she tries to present a different theory to the jury."

"The defendant in error, having introduced identically the same evidence in the former trial of this case, which evidence entirely disproves her present theory, then she cannot go on stand and testify to a different state of facts at a subsequent trial."

We have examined the testimony of the plaintiff given in each of the trials of her case, and do not consider it conflicting, or to justify a charge of perjury in a comparison thereof. We do think, however, that the evidence presented in this appeal is materially different from that recited and referred to in the former decision, and after comparison of the record in each appeal and consideration of the former opinion, we do not believe that the law as applied to the facts and evidence presented in this appeal justify or require a finding and decision holding, as is contended for by defendant, that the facts in this appeal are practically the same as those considered by the court on the former appeal, or that the former decision is conclusive and final in the case, and that the trial court erred in overruling his demurrer to plaintiff's evidence. We consider the evidence presented by plaintiff in support of her amended petition sufficient to warrant a submission of same to the jury, and find no error in the action of the trial court in so doing.

The fifth proposition presented and argued by defendant covers his sixth assignment of error, and in effect is that the trial court erred in his statement of the issues in the case to the jury, it being contended that the statement to the jury is contrary to the evidence and to the theory upon which the case was first tried and upon which the law of the case had previously been settled.

As we gather from defendant's argument his principal objections to the statement is to the latter part of the following language used by the court in stating the contentions of the plaintiff:

"That she saw two cars approaching about a quarter of a mile away, both traveling west at 35 miles per hour, one car behind the other, the one behind gradually gaining on the one ahead; that they were on the right hand side of the road and as the car in which she was riding attempted to pass the Studebaker car and going west, the car behind the Studebaker car, driven by the defendant, suddenly drove out from behind the Studebaker and onto the south side of said paved road and ran into their Ford."

Possibly the statement is subject to some criticism in the light of the evidence, in that it states or indicates that the defendant's car was wholly on the north or right side of the road, immediately behind the third party's car just preceding the accident, and suddenly drove out from behind it, while the evidence in the first and in the latter trial would indicate that the defendant's car was not wholly on the north or right side of the road.

The testimony of the plaintiff at the first trial concerning the defendant's car and the accident was in part:

"Q. Where was Gourley's car? A. The south side and the front of his car almost at the rear of Elexson's only he was on the south and Elexson on the north. Q. Did you see the car approaching? A. Yes, sir. * * * Q. As the cars got closer to you, was there any change in the position of Elexson's and Gourley's car? A. Just before Gourley hit us, he swung his car as if going south. Q. How far was he from your car when that occurred? A. Right on us. Q. What side of the road was he on? A. The south side where he had been all the time."

In the second trial, the plaintiff testified in part:

"Q Tell the jury just what happened at that place, just tell the jury in your own words exactly what happened. A. Just as we got even with this car, Mr. Gourley, instead of going in behind the other car, he swung out in front of us and hit us; * * * just as he got even with this other car, kinda behind it, we did not hit the other car, Gourley swung his car out and hit us."

On cross-examination:

"You say Mr. Gourley was going to go around this other car? A. I thought he had plenty of time to go around it. He had been in that same position, only just getting closer up, a little bit closer, until he got right on us, and instead of falling behind the Alexson car, he swung out to the left and hit us."

The contention of the defendant, plaintiff in error, was that he was attempting to pass the car in front of him, traveling in the same direction, at the time of the accident, had given the proper signal, and that the accident was caused by the act of the plaintiff, or rather her husband, who negligently drove his car first against the auto of the third party and then against his, defendant's car.

The defendant excepted to the statement of plaintiff's alleged cause of action, but it does not appear from the record that he submitted or requested any different instructions or statement of the issues.

"Where the trial court, in stating the issues to the jury, quotes extensively from the pleadings, and substantially, though not accurately, states the issues, and opportunity is given counsel to inspect the instructions prepared by the court, and is given opportunity to prepare instructions, and counsel fails to submit any instruction defining the issues, a case will not be reversed for failure of the court to accurately define the issues involved." St. Louis-S. F. Ry. Co. v. Routh. 133 Okla. 168, 271 Pac. 835.

We do not think the jury was misled, or that it misunderstood the issues and contention of the respective parties by reason of the court's statement of the issues to them, or that defendant was prejudiced thereby, nor do we think the statement of plaintiff's claims by the trial court showed a material change of theory from the former trial.

The defendant next presents his assignment of error No. 7, that the court erred in giving instruction No. 4, which is as follows:

"You are further instructed that the gist of the plaintiff's cause of action is negligence on the part of the defendant, and unless you find that in the operation and driving of his automobile at the time and place of the accident, the defendant was negligent, then the plaintiff cannot recover, and before you can find that the defendant was negligent, you must be able from the evidence to fix upon and pick out. acts or omissions constituting the negligence.

"Negligence means the failure to exercise ordinary care; that is, that degree of care and diligence that an ordinarily prudent person would exercise in his own affairs under like or similar circumstances; a failure to do what a prudent person would have done under the circumstances of the situation, or the doing what such a person under the existing circumstances would not have done.

"The jury taking this as the definition of negligence is to find from all the circumstances surrounding this case whether or not the defendant was guilty or negligence."

The part complained of by the defendant is the language where the court says:

"You must be able from the evidence to fix upon and pick out acts or omissions constituting the negligence"

—it being contended by the defendant that the instructions told the jury that the evidence showed negligence, but that they would have to pick it out and find what it was; complains that the instructions did not quote the statutory law or duty of the defendant and failed to specifically tell the jury the identical negligence or acts which they must find the defendant committed in order to find for the plaintiff.

In other paragraphs of the instructions, the court advised the jury of the general statutory rule of law applicable to drivers of motor.vehicles on the highway, their rights and duties in passing another going in the same direction or opposite direction, the statutory rate of speed, and generally advised the jury as to the law of the case. It would be improper under the evidence here, or that usually presented in such class of cases, to advise the jury of just what specific act or acts they must find the parties guilty of in order to reach a proper verdict.

"The question of negligence, where there is competent evidence introduced from which reasonable men might draw different conclusions, is one for the jury, and, under like circumstances, the question of proximate cause is one for the jury." Padgett v. McKissick, 137 Okla. 63, 280 Pac. 409.

"The instructions of the court should be considered as a whole and in their entirety, and no particular paragraph thereof should be singled out and given an interpretation which some other paragraph clearly shows was not intended to be placed upon it." Newell v. Musgrove, 129 Okla. 207, 264 Pac. 156.

The next assignment of error presented and argued, No. 9, is predicated on alleged error in the giving of instruction No. 11. Defendant concedes that the instruction states some of the rules of the road, but contends they have no application to the facts in the case. A somewhat similar objection is made and argument advanced to this instruction as was made to No. 4, that is, because it does

not specifically tell the jury what specific acts they must find the respective parties did or committed in order to find one or the other guilty of negligence. The instruction substantially follows the language of the statute as to the rules of the road and the duties of persons operating a motor vehicle on the highways, and advised the jury that if they should find from a preponderance of the evidence that either the plaintiff or defendant at the time of the accident was operating their car in violation of the provisions of law as stated, then they would be guilty of negligence. We think the instruction applicable and proper under the evidence in the case.

It was said in the case of St. Louis-S. F. Ry. Co. v. Routh, supra, that an instruction defining "negligence" in the language of the statute was not erroneous. Likewise, an instruction in this class of cases defining the duties of persons operating vehicles on the highways in the language of the statute is not erroneous. We think the instructions when considered as a whole sufficiently advised the jury of the rights and duties of the respective parties and of the law applicable in the case, and we fail to find any reversible error therein.

Finding no error warranting a reversal of the case, the judgment of the trial court is affirmed.

TEEHEE, REID, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.