PAYNE et al. v. WADE, Ex'x, et al.

No. 29116.   Feb. 10, 1942.

*122 P. 2d 144.*

J. Weldon Cornett, of Oklahoma City, for plaintiffs in error.

Brown & Cund, of Duncan, for defendants in error.

CORN, V. C. J.   This is an action to recover specific real property and for rents and profits therefrom. Judgment was rendered by the trial court in favor of the defendants, and the plaintiffs appealed. For convenience the parties will continue to be referred to in their original order.

Stating the relevant facts briefly, it is alleged in substance that on December 9, 1925, W. W. Payne gave T. L. Wade a deed to 995 acres of land, including 300 acres involved in this appeal. That, although the instrument was a warranty deed and was upon its face an absolute conveyance, it was in truth and in fact a trust deed, and was given to T. L. Wade in pursuance of a trust agreement, for the sole and only purpose of permitting Wade to obtain a loan on the land, the proceeds of which were to be applied to the payment of certain indebtedness of Payne to Wade. That Payne thereafter remained in possession of the land, collected the rents and profits therefrom, and paid the taxes thereon, and was the owner of the land until his death on March 27, 1929. It is further alleged that subsequent to Payne's death Wade conveyed this and other land in trust to three trustees for the benefit of certain creditors of Wade's and of a bank with which he was, or had been, connected; and that thereafter Wade and the trustees conveyed the 300 acres of land in question to the defendant L. R. Baker, which is the only parcel of the Payne land involved in this appeal, and L. R. Baker is the only defendant affected by this appeal.

The defendant Baker defended the action on the ground that he was an innocent purchaser without notice of the alleged claim of the Payne heirs, who are the plaintiffs in this cause.

The record in the case is voluminous. Much evidence was introduced by the parties on the question of whether the deed from Payne to Wade was a trust deed or an absolute conveyance. This question is entirely eliminated from our consideration unless it is satisfactorily shown that Baker had knowledge of the alleged defect in Wade's title to the land at the time Baker purchased the same.

The record discloses that the plaintiffs, being the children of W. W. Payne, deceased, executed a quitclaim deed to T. L. Wade to any interest they had in the land. The quitclaim deed was dated September 27, 1929. The plaintiffs sought to show that Wade procured the same by fraud, upon the false and fraudulent representation that Payne, at the time of his death, was indebted to Wade in the sum of $29,000, when in truth and in fact Payne's indebtedness to Wade was paid out of the proceeds of the loan which Wade had obtained upon this land Payne had conveyed to him. Wade denied that he made such representations. He testified that he considered the deed an absolute conveyance, and that he did not file a claim against the estate for any amount; that the conveyance of the land to him satisfied the indebtedness. He further testified that after Payne had died the heirs were not satisfied with the transaction, and that in order to satisfy their demands, and to clear his title of any pretended claim which they might in the future assert, he gave them a mineral deed to one-fourth of the mineral rights in 695 acres of the land, and a mineral deed to one-eighth of the mineral rights in the 300 acres involved in this appeal. These mineral deeds were executed and delivered on the 30th day of October, 1929, immediately following the delivery of the quitclaim deed of these plaintiffs to Wade.

The deed that Wade made to trustees for the benefit of his creditors was made on December 31, 1932. Thereafter, on July 8, 1933, the trustees, joined by T. L. Wade and wife, conveyed by quitclaim deed to the defendant L. R. Baker a tract of 140 acres, and on December 2, 1935, another tract of 160 acres, the same being the 300 acres involved herein.

As to the knowledge of L. R. Baker with reference to the claims of the plaintiffs, the evidence is meagre and conflicting. It is shown that Baker, as a notary public, took the acknowledgment of plaintiffs to the quitclaim deed from plaintiffs to Wade, and Baker's connection with the transaction in this respect is offered as a circumstance sufficient to charge him with knowledge of the alleged trust character of the warranty deed given by W. W. Payne to T. L. Wade, but Baker testified that he did not draft the quitclaim deed and had nothing to do with procuring the signatures to the same and had no knowledge of trust relations between Payne and Wade.

The trial court held that the first deed in question was an absolute conveyance; that no fraud was practiced in procuring the quitclaim deed from plaintiffs to T. L. Wade; and that in any event L. R. Baker had no knowledge of plaintiffs' pretended claims and was an innocent purchaser of the land.

In cases of equitable cognizance the appellate court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal, unless it appears that such findings and judgment are clearly against the weight of the evidence. Johnson v. Rowe, 185 Okla. 60, 89 P. 2d 955.

We have examined the record, and are of the opinion that the findings and judgment of the trial court are not clearly against the weight of the evidence.

There are other assignments of error, but they are without substantial merit.

Judgment affirmed.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.