PLUMER et al. v. PEARCE et al.

No. 35389.   May 26, 1953.

*257 P. 2d 813.*

O. J. Roberts, Oklahoma City, and Judson H. Pierce, Perry, for plaintiffs in error.

J. T. Dickerson and Forrest Powell, Edmond, for defendants in error.

PER CURIAM.   The parties occupy the same positions in this court as they occupied in the trial court, and will be referred to herein as plaintiffs and defendants.

We deem is unnecessary to dwell at length on the issues made by the pleadings. Briefly stated, plaintiffs' petition alleged that H. A. Johnson was the owner of the full equitable and beneficial title in and to, and in full and absolute peaceable possession of, two tracts of land of 160 acres each situated in Oklahoma county, Oklahoma, and of a tract of 80 acres situated in Seminole county, Oklahoma; that all of said land had been conveyed, without consideration, by H. A. Johnson to Ruth J. Pearce; that at all times from the date of the deeds until his death H. A. Johnson was in full possession and enjoyment of all of the beneficial rights in said land, renting, managing and controlling the same, paying the taxes thereon and receiving the rents and profits therefrom; that the defendant Ruth J. Pearce well knew that no beneficial title in said land was conveyed or intended to be conveyed to her, but that she was holding the legal title to said land for H. A. Johnson, his heirs and assigns; that at the time of executing and recording the deeds H. A. Johnson exacted a promise and agreement from Ruth J. Pearce that she would, on demand, reconvey the property to H. A. Johnson, or in the event of his death convey the same to his estate. The pe-

tition was in four counts. In the first count, plaintiffs sought to recover possession of the land, in the second, they prayed judgment decreeing Ruth J. Pearce to hold all of the property in trust, in the third, they prayed for an accounting of the rents and profits, and in the fourth they asked for the appointment of a receiver.

The answer of the defendants, in addition to containing a general denial and certain other allegations not necessary to be discussed, pleaded the conveyance of the land in Oklahoma county by H. A. Johnson to Ruth J. Pearce for a consideration of $14,000; that to secure the payment of the consideration Ruth J. Pearce executed to H. A. Johnson a mortgage on the property, together with a promissory note for $14,000; that Ruth J. Pearce paid H. A. Johnson the full amount of the indebtedness, and that said mortgage was released of record by H. A. Johnson on July 9, 1937.

Plaintiffs' reply denied defendants' quiet and peaceable possession of the property in controversy, denied that either of the defendants purchased the property, alleged that the note and mortgage were without consideration, that Ruth J. Pearce never paid any amount on the mortgage, and that the mortgage was released by H. A. Johnson without consideration; that at all times, both prior to and subsequent to the release of the mortgage and up until the date of his death, H. A. Johnson was in full, peaceable, open and notorious possession of all the property involved in the action, renting and receiving the rents, revenues and profits from the land and enjoying all the benefits therefrom the same as though the deeds had never been executed.

On the issues thus joined the case was tried and resulted in a judgment in favor of the defendants as to all of the lands described in plaintiffs' amended petition. We have carefully reviewed the record and conclude that because of certain undisputed evidence in the case and of certain well-established rules

governing cases of this nature, the judgment of the trial court must be affirmed.

The record shows without dispute that the land in Oklahoma county was conveyed by H. A. Johnson to Ruth J. Pearce by warranty deed dated December 19, 1930, and there is no evidence to support the allegation of plaintiffs' amended petition that at the time of execution of the deed Ruth J. Pearce promised or agreed that she would, on demand, reconvey the property to H. A. Johnson, or to his estate in the event of his death. The evidence also showed that on the same date the deed was made Ruth J. Pearce executed to H. A. Johnson a note and mortgage for $14,000 covering the property conveyed. It further showed without dispute that on July 9, 1937, H. A. Johnson executed a release of the mortgage, wherein he acknowledged satisfaction and payment in full of the indebtedness secured.

The record further shows the undisputed fact that on August 19, 1936, H. A. Johnson, acting as attorney for Ruth J. Pearce, filed in the district court of Oklahoma county a petition to quiet title to one of the tracts of land in Oklahoma county, wherein he alleged Ruth J. Pearce to be the owner of the land and in which case he obtained a decree quieting the title in Ruth J. Pearce.

It further appears without dispute that on December 9, 1938, in connection with a bond given in a murder case pending in the district court of Delaware county, Oklahoma, H. A. Johnson filed an affidavit in which he swore that R. J. Pearce was the owner of the land. An affidavit made and filed by R. J. Pearce in the same proceeding describes the Oklahoma county land that is involved in this case and alleges it to be the property of affiant; hence, it is clear that the R. J. Pearce mentioned in both affidavits is the Ruth J. Pearce who is defendant herein.

A deed to the Seminole county land from H. A. Johnson to Ruth J. Pearce, dated December 19, 1930, and mortgage on the same land executed on the

same date from Ruth J. Pearce to H. A. Johnson to secure the payment of the sum of $15,000, were introduced in evidence without objection.

Plaintiffs rely upon a statement contained in a purported will of H. A. Johnson, which was denied probate on the ground that it was not a valid will, the statement being shown to be in the handwriting of H. A. Johnson and being as follows:

"To my beloved cousins, Zoe Vermillion and Ruth J. Pearce, I give, devise and bequeath all property I may own in Edmond, Okla., including all notes and mortgages which said Ruth J. Pearce may owe to my estate at my death, but this is on the condition that she deed to my estate or executor of this will all real estate outside of Edmond which I have heretofore deeded to her for business reasons."

Clearly this statement could not be binding upon Ruth J. Pearce. Furthermore, it was made almost nine years prior to the death of H. A. Johnson, does not describe the property in controversy, and leaves entirely open the question of what property H. A. Johnson had previously deeded to Ruth J. Pearce "for business reasons." We are unable to attach to this statement the importance contended for by plaintiffs.

Plaintiffs objected to certain testimony given by Ruth J. Pearce on the ground that she was an incompetent witness. However, that point is not urged in this court and must be treated as waived. It is apparent that the trial court concluded that her incompetency had been waived by plaintiffs by the introduction by them of certain other evidence. Furthermore, under the rule announced by this court in Berry v. Janeway, 206 Okla. 555, 245 P. 2d 71, Title 12 O.S. 1951 §384, commonly referred to as "The Dead Man's Statute," is not applicable to the facts in this case.

Ruth J. Pearce testified that the mortgages on the Oklahoma county and the Seminole county land were paid; that the rents from the land were applied in payment of part of the purchase price, that a piece of property in Edmond was conveyed to H. A. Johnson as a part of the consideration, and that payments in cash were made from time to time. It is true that the evidence as to the cash payments was not altogether satisfactory, but some consideration must be given to the fact that the witness was testifying about matters that occurred long prior to the time of trial.

Considerable evidence was introduced on behalf of plaintiffs of instances in which on other occasions Ruth J. Pearce had made inconsistent and conflicting statements regarding the ownership of the lands in controversy, but her testimony upon the trial of this case was positive, and as to whether she was telling the truth at the trial we are bound by the rule that the credibility of witnesses and the effect and weight to be given to conflicting or inconsistent testimony are questions of fact to be determined by the trier of the facts. whether court or jury, and are not questions of law for this court on appeal. Strahm v. Murry, 200 Okla. 640, 199 P. 2d 603.

The first proposition urged in the brief of plaintiffs relates to the rule that a resulting trust arises where the legal estate is conveyed, but the intent appears or is inferred from the terms of the disposition, or from the accompanying facts and circumstances, that the beneficial interest is not to go or be enjoyed with the legal title. Such is unquestionably the rule, but obviously its application must depend upon the facts of each particular case.

The second and only other proposition urged in the brief of plaintiffs is with reference to the rule that in cases of equitable cognizance a judgment of the trial court which is against the clear weight of the evidence will be reversed on appeal. This, also, is unquestionably the rule followed by this court in proper cases, but the converse of the rule is equally true and is of frequent application. In the case of Payne v. Wade, 190 Okla. 222, 122 P. 2d 144, the converse of the rule contended for was expressed as follows:

"In cases of equitable cognizance the appellate court will examine and weigh the evidence but the findings and judgment of the trial court will not be disturbed on appeal unless it appears that such findings and judgments are clearly against the weight of the evidence."

There is another rule which applies to resulting trusts and the proof required to establish the same, which, under the record in this case, requires an affirmance of the judgment of the trial court. This rule is stated in Ward v. Ward, 197 Okla. 551, 172 P. 2d 978, in the following language:

"A resulting trust may be established by parol evidence, but the law requires that the proof necessary to establish it should be of the most satisfactory kind. The onus of establishing a resulting trust rests upon him who seeks its enforcement, and before a court of equity will be warranted in making a decree therefor, the evidence must be clear, unequivocal and decisive."

After a careful review of the evidence in this case we are not able to say that a resulting trust was established by evidence that was clear, unequivocal and decisive, nor can we say that the judgment of the trial court is clearly against the weight of the evidence. On the other hand, we conclude that the judgment is supported by a preponderance of the evidence.

The judgment of the trial court is, therefore, affirmed.

This Court acknowledges the services of Attorneys John T. Craig, Wm. S. Hamilton and Frank T. McCoy, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

JOHNSON, V.C.J., and WELCH, CORN, ARNOLD, O'NEAL, WILLIAMS, and BLACKBIRD, JJ. concur.