364 P.2d 896 (1961)
In the Matter of the Estate of Luther F. WASHAM, an incompetent person.
Margaret LOMAX, Plaintiff in Error,
v.
Luther F. WASHAM, Defendant in Error.
No. 39180.
Supreme Court of Oklahoma.
September 13, 1961.
O.E. Richeson, Henryetta, for plaintiff in error.
Q.D. Gibbs, Okmulgee, for defendant in error.
*897 DAVISON, Justice.
This is an appeal from a District Court judgment refusing to appoint a guardian.
Margaret Lomax filed her petition in the County Court of Okmulgee County praying that she be appointed guardian of the person and estate of her father, Luther F. Washam. The petition alleged that Washam was incompetent to manage his property and affairs. After hearing evidence the County Court, on January 27, 1960, made an order appointing her such guardian. Washam appealed to the District Court.
The District Court heard the matter de novo on March 4, 1960, and refused to appoint a guardian. Margaret Lomax has appealed from that adverse decision to this court.
Margaret Lomax, hereinafter referred to as petitioner, first contends that a new trial should have been granted on the ground of misconduct of the prevailing party by which petitioner was deprived of a fair trial. The basis of this contention is that there were discrepancies between witnesses' testimony in the District Court hearing and that given before the County Court. Apparently no transcript was made of the County Court proceeding. Petitioner also sought to support this contention by affidavits of persons as to alleged facts contrary to testimony given before the District Court. No claim was made by petitioner that this was newly discovered evidence.
Upon consideration of the entire situation it is our opinion that this presents a question of credibility of the witnesses. We have held that credibility of witnesses and effect and weight to be given to conflicting or inconsistent testimony are questions of fact to be determined by the trier of the facts, whether court or jury, and are not questions of law for the Supreme Court on appeal. Plumer v. Pearce, 208 Okl. 526, 257 P.2d 813. We conclude that the trial court did not err in overruling the motion for new trial on this ground.
Petitioner also contends the judgment is contrary to law and the evidence.
The proceeding was commenced under authority of 58 O.S. 1951 §§ 851 and 852 (Reenacted Laws 1955).
Section 851 provides, in part, for the filing of a verified petition in the County Court representing that such person is insane or is "from any cause mentally incompetent *898 to manage his property," and for notice and hearing.
Section 852 provides that if after hearing and examination it appears to the judge that the person "is incapable of taking care of himself and managing his property" a guardian must be appointed.
There is no contention that Washam is insane. This court in interpreting the terms set forth in the above sections stated in Armstrong v. Martin, 203 Okl. 565, 223 P.2d 1072, 1075, as follows:
"The phrases, `incompetent,' `mentally incompetent,' and `incapable' as used in title 58 O.S. 1941 §§ 851 and 852 mean any person who, though not insane, is, by reason of old age, disease, weakness of mind, or from any other cause, unable unassisted, to properly manage or take care of his property, and by reason thereof would likely be deceived or imposed upon by artful or designing persons."
From our view of the record it appears that Washam began work as a coal miner at the age of 12 and was 75 at the time of the hearings. In 1947 he lost a leg in a coal mine accident and received for such loss the sum of $3,000. He did not work thereafter and received a total of $165 per month from social security and a miner's pension. He and his wife had acquired a home with a small rental house on the rear. In 1951 his wife died and for a short time he lived with a daughter. His testimony is that this was very unsatisfactory and he moved back to his home; that he was then, to a great extent, ignored and criticised by his children; and that financial transactions with a son and son-in-law were disappointing.
There is evidence that with this state of affairs Washam renewed or strengthened his acquaintance and friendship with a family by the name of Kinsey about six or seven years prior to the guardianship hearings. Washam arranged to take his meals with the Kinseys for which he pays $40 per month. In time he made gifts of furniture and a bicycle to the Kinsey family and paid a portion of the purchase price of a car bought by Mrs. Kinsey. The evidence is that he made various gifts including auto tires to other persons whom he described as deserving or needy. He also sold his interest in the real estate to Mrs. Kinsey on a time installment basis over a period of about seven years. The testimony is that the purchase price was finally and completely paid in November, 1959, and deed was delivered to Mrs. Kinsey with the right, in writing, to Washam to live thereon without rent as long as he wished. The record reflects that over a period of several years Washam's bank account of about $3,000 was withdrawn by him.
The testimony of acquaintances is that the mental faculties of Washam have not deteriorated in the last fifteen or twenty years. There is no evidence of use of alcohol or improper habits or living. Washam's testimony is that his life is happy, satisfied and comfortable; that his acts were of his own volition and not because of any demand or request; that the Kinseys oblige him by taking him on trips and to shows; that his social security and pension are secure.
Ordinarily, adult persons, not insane, have the right to hold or dispose of their property as they wish so long as they understand the nature and effect of their acts and are not acting under the undue influence of others. In 25 Am.Jur. Guardian and Ward, Section 18, p. 18, it is stated:
"It is clear that one's liberty and the right to control his property should not be taken away or withheld except for urgent reasons * * *."
The application for the appointment of a guardian for an incompetent is a special proceeding tried to the court, and on appeal the Supreme Court has power to, and will, review all the evidence for the purpose of ascertaining whether there is sufficient competent testimony to sustain the judgment. In re Winnett's Guardianship *899 (Wright, Sup't of Osage Agency v. Riber), 112 Okl. 43, 239 P. 603.
We have reviewed the record and there is sufficient competent evidence to sustain the judgment.
Affirmed.