VIDEO INDEPENDENT THEATRES, INC.,
a corporation, d/b/a Skyline Drive In
Theatre, Plaintiff in Error,

v.

Phillip J. COOPER, Defendant in Error.

No. 41464.

Supreme Court of Oklahoma.

Nov. 1, 1966.

Rehearing Denied Jan. 3, 1967.

Rucker, Tabor, Shepherd & Palmer, Thuman B. Rucker, O. H. "Pat" O'Neal, Tulsa, for plaintiff in error.

O. C. Lassiter, Tulsa, A. Langley Coffey, Tulsa, on the brief, for defendant in error.

IRWIN, Justice.

This personal injury action was instituted by Phillip J. Cooper, defendant in error, herein designated plaintiff, against Video Independent Theatres, Inc., a corporation d/b/a Skyline Drive In Theatre, plaintiff in error, designated herein as defendant.

Defendant operates a typical outdoor drive-in theatre in Tulsa, Oklahoma. The patrons, upon paying the admission price, proceed into the grounds and occupy a space from which they view the movie on an outdoor screen from their car. Defendant also provides a concession stand where the patrons may go to refresh themselves by purchasing food and drink or avail themselves of the rest room facilities.

On March 29, 1963, which was the opening day of the defendant's theatre season, the theatre management had a water line replaced that runs east and west from behind the concession stand. A ditch approximately three (3) feet deep and 24 inches wide was dug. The old pipe was replaced and the ditch filled with the loose dirt and tamped down, about an hour and a half before the theatre opened for its first showing.

The next evening, March 30, 1963, at about 7:30 or 7:45 P.M., plaintiff and his family paid the admission charge, entered defendant's premises, and turned out his car lights, except for the parking lights, as the show had already started. His car was overheating and he immediately proceeded to the rear of the concession stand where he obtained water for his car, and then parked his car in one of the available spaces. During the evening it rained various times.

During the second show between 8:30 or 9:00 P.M., plaintiff got out of his car and in the darkness proceeded to the rear of his car then to the concession stand where he purchased some items of food and drink for his family. As he arrived in the area immediately in front of the car parked to the right of his car he stepped into the above described ditch and fell. The ditch was not marked with warning lights or barricades. About 20 minutes later an ambulance removed plaintiff to the hospital. Plaintiff suffered an injury to his back as

described and testified to by various doctors. Neither plaintiff nor Mrs. Whitmore who was parked next to him, were aware of the ditch which was located immediately in front of their cars.

The jury found the issues for the plaintiff and fixed the damages in the amount of $15,000.00. Defendant filed a Motion for New Trial and from the order overruling same perfected this appeal.

Defendant contends the trial court erred in overruling its demurrer to the evidence and motion for a directed verdict because there was a failure of proof of any negligent acts on its part.

■ In Sisler v. Whitten, Okl., 393 P. 2d 497, we held that in passing upon a demurrer to the evidence or a motion for a directed verdict, the trial court should consider as true all the evidence favorable to the party against whom the demurrer or motion is directed, together with all inferences reasonably to be drawn therefrom, and should disregard all conflicting evidence favorable to the demurrant or movant.

■ Although partial darkness was essential to the conduct of defendant's business, defendant had knowledge that its patrons would go to and from the concession stands during the partial darkness. While plaintiff was returning from the concession stand he stepped into the ditch that had been constructed by defendant. Whether defendant was negligent under the circumstances presented, being one about which reasonable men might entertain an honest opinion, was a question for the jury to determine under the rule announced in Sisler v. Whitten, supra.

■ Alleged discrepancies between plaintiff's testimony and his deposition went only to credibility of witness, and was a matter for determination in trial court. Flowers v. Stanley, Okl., 316 P.2d 840; the credibility of witnesses and the effect and weight to be given to conflicting or inconsistent testimony are questions of fact to be determined by the trier of the facts, whether court or jury, and are not questions of law for this Court on appeal. Plumer v. Pearce, 208 Okl. 526, 257 P.2d 813. This Court in reviewing a judgment entered upon jury's verdict must presume that the jury accepted as true the evidence which supports verdict. Equitable Life Assur. Soc. of United States v. Davis, 192 Okl. 429, 137 P.2d 548.

We have completely reviewed the record and we can not sustain defendant's contention that the trial court erred in overruling its demurrer to the evidence and motion for a directed verdict.

Defendant contends that the trial court erred in failing to give an instruction on unavoidable accident and points out that in its answer it plead an unavoidable accident. It requested the trial court to instruct on this matter but same was refused. The requested instruction is as follows:

"You are instructed that an unavoidable accident is a casualty which occurs without negligence on the part of either party, and when all means which common prudence suggests have been used to prevent it, and if you find from the evidence in this case that the accident was unavoidable and occurred without fault or negligence of either party, then your verdict must be for the defendant."

■ An unavoidable accident is one which occurs while all persons concerned were exercising ordinary care, being one not caused by the fault of any of the persons, and if the accident could have been prevented by either person by means suggested by common prudence, it is not deemed unavoidable. One who pleads an unavoidable accident has the burden of showing that everything was done within human power to avoid the accident. Tyree v. Dunn, Okl., 315 P.2d 782. An unavoidable accident is one which could not have been foreseen or prevented. Burke Greis Co. v. Ballard, 200 Okl. 341, 193 P.2d 582.

■ The evidence shows this ditch was dug, the pipe changed and the dirt replaced

only an hour and one half before the theatre opened up the first day of the season and defendant permitted this ditch to remain in that same condition all the next day without a firm surface being applied to the area. Rain is not an unexpected phenomenon that would easily penetrate this area and soak or settle the loose dirt or make it extremely soft so as to not support the weight of a person. We do not believe this record discloses any evidence which would establish this as being an unavoidable accident and the trial court was correct in refusing to give such an instruction.

Defendant contends plaintiff's counsel used improper and prejudicial opening and closing argument to jury and propounded inflammatory questions to plaintiff's witness; and the verdict was excessive resulting from improper and prejudicial remarks and inflammatory questions.

In the opening and closing arguments, plaintiff's counsel referred to the fact that plaintiff was a man 28 years of age, that he was married and had four children. On direct examination plaintiff testified that his family consisted of a wife and four children. Similar testimony has been considered and passed upon by this Court before. In the case of St. Louis-San Francisco Ry. Co. v. Routh, 133 Okl. 168, 271 P. 835, which was also a personal injury action, plaintiff was permitted, over the objection of defendant, to introduce evidence showing that plaintiff was married and had six children. We held that a verdict for plaintiff would not be set aside on account thereof, where it clearly appears that the evidence of plaintiff's injuries was such that the verdict was not excessive. We will now consider the evidence as to the nature and extent of plaintiff's injuries.

Plaintiff was picked up at the theatre by an ambulance and was taken to a hospital where he suffered from severe pain in the back and hip. He remained in the hospital from March 31 to April 11, 1963. Thereafter, he was placed under the care of an-

other doctor who performed a laminectomy and spinal fusion the latter part of April. About the middle of September, 1963, a second operation was performed and the plaintiff's tail bone was removed. Prior to the accident plaintiff performed various jobs associated with manual labor and his average weekly income was about $65.00. Since the accident he was only able to perform yard work for cigarettes, lunch money and about $8.00 per week and occasionally drive a pick-up truck. There was evidence that further surgery may be required; that plaintiff still endures pain and cannot perform his usual work. As a result of this injury plaintiff has incurred unpaid hospital bills, doctor and sundry medical bills, and the record discloses that additional surgery would reasonably cost about $1,-500.00.

Where it is alleged as grounds for reversal of a judgment that the losing party was prejudiced by the erroneous admission of incompetent evidence and by the improper argument of counsel for the prevailing party to the jury, the judgment will not be reversed therefor, unless this Court can say that as a result thereof, the losing party was materially prejudiced and prevented from having a fair and impartial trial. White v. Burton, 180 Okl. 499, 71 P.2d 694. From an examination of this record we cannot say that the evidence and arguments complained of materially prejudiced and prevented defendant from having a fair and impartial trial, nor do we feel the verdict was excessive. The trial court instructed the jury that it should not let sympathy, sentiment or prejudice enter into their deliberations, but should discharge their duties impartially, conscientiously and faithfully under the oaths and return such verdict as the evidence warrants. We cannot say this verdict is contrary to such instruction.

Judgment affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY and HODGES, JJ., concur.