## COPPOCK v. WOODWORTH.

No. 33540. Dec. 6, 1949.

*212 P. 2d 455.*

Ames, Ames & Daugherty, of Oklahoma City, for plaintiff in error.

William T. Billups, of Oklahoma City, for defendant in error.

CORN, J. This action was brought to recover $2,356.25 alleged to be due for labor, material and management expended under an oral contract to build a dwelling house for defendants and to foreclose a mechanic's and materialmen's lien on the premises. (Described as lots 24-25, block 1, Stanley Heights Addition to Oklahoma City, or 2926 N.W. 16th St.)

Plaintiff's amended petition alleged the making of an oral contract with defendants in January, 1946, under which he was to build the house for the actual cost of the construction, plus 10 per cent of the cost as his fee; that he built the house and discharged the contract early in June, 1946, at a total cost of $10,120.65, exclusive of his fee, expending $4,844.19 of his own money but had been reimbursed $3,500 by defendants; that the amount sued for remained unpaid; that his verified lien was filed and having performed everything required under the contract, he was entitled to a lien upon the property and to have same foreclosed in satisfaction of the debt.

The defendants Crites and Pauline A. Coppock filed answers denying any contract with plaintiff.

Defendant Carl A. Coppock answered by general denial. By cross-petition he alleged that, upon the basis of plans submitted by plaintiff, they entered into an oral contract whereby plaintiff agreed to build the dwelling and deliver same complete for an agreed price of $7,750; that it was necessary for him to personally secure and pay for $1,243.89 worth of material; that plaintiff abandoned the contract without completing the house according to specifications; that because of failure to perform the contract in a workmanlike

manner and abandonment of the contract, defendant was forced to expend $1,189.87 in unpaid labor and material bills to protect the property from liens, and should be required to expend an additional $376.50 to complete the dwelling. He then alleged plaintiff's lien was contrary to the agreement and that having paid everything due same should be canceled, and sought judgment upon his cross-petition for $1,-189.87.

Upon the issues presented the matter was tried to a jury. At the close of plaintiff's evidence, the trial court sustained defendants' demurrer to the evidence insofar as same pertained to defendants Crites and Pauline A. Coppock.

After hearing the evidence and receiving the trial court's instructions, the jury returned a verdict for plaintiff for $1,344.19. Additional testimony was heard and the trial court fixed plaintiff's attorney's fee at $200. Judgment was rendered for such amounts and the trial court decreed foreclosure of plaintiff's lien in satisfaction thereof, and defendant Carl A. Coppock has appealed.

Defendant relies upon two propositions for reversal of this judgment, both of which are based upon the sufficiency of the evidence to sustain the judgment rendered. Defendant first contends the jury disregarded the law and the evidence and arbitrated the matters submitted to them according to their own theories of right. The basis of this contention is the argument there was no evidence justifying the verdict, since under the evidence the jury could only have found for plaintiff for the full amount sued for, or for the defendant in the amount sought in the cross-petition.

The testimony upon every issue was in sharp conflict. Plaintiff's evidence was that under the contract he agreed to build the house for actual costs, plus a 10 per cent fee. He also presented testimony as to construction costs during the particular period, and other expert testimony as to the quality of the workmanship and conformity with the specifications; as well as other evidence tending to establish the impossibility of building the house at that time for the price defendant claimed was fixed by the terms of their agreement. He also presented other evidence to show that proper accounting was given for all materials furnished, and proper credit allowed for materials returned, his vouchers and canceled checks being introduced, as well as itemized statements for all charges.

Defendant's evidence was that the only agreement made was that the maximum building cost was to be $7,-750. There was a great deal of testimony concerning whether the house was completed in a workmanlike manner, and the approximate cost of correcting certain features defendant contended were contrary to specifications, as well as other items connected with clearing and cleaning the premises after completion of the work.

It is elementary that the jury may accept or reject such testimony as they may see fit, and the presumption favors the correctness of the verdict rendered, and that this is our rule does not require citation of authority. However, in view of the argument that there was absolutely no evidence on either side supporting a verdict in the amount returned by the jury, we are compelled to point out certain matters which, in our opinion, amply sustain the verdict rendered.

By both plaintiff's testimony and defendant's own evidence, the defendant advanced plaintiff $3,500. Plaintiff further introduced competent evidence establishing the expenditure of $1,344.19 of his own funds in completing the house, and that the agreement was that plaintiff was to receive a fee equal to 10 per cent of the total construction cost.

Opposed to this was defendant's evidence as to the total cost agreed upon; that he had been forced to expend $1,-

189.87 over and above the agreed price of construction, and would have to expend a further sum to properly complete the building, which was not constructed in a workmanlike manner.

It is fully established by the evidence that plaintiff expended $1,344.19 of his own funds in construction of the house, and there was competent testimony upon which the jury properly could have based a larger verdict. The jury was properly instructed as to the limits within which a verdict had to be returned. By their verdict the jury found that there was an oral contract, but that it was not, as claimed by defendant, that the house was to be completed for $7,750. But, likewise it is apparent that from the evidence the jury found that the workmanship displayed in building did not justify the fee plaintiff sought, and denied him recovery for anything other than the money actually paid out.

The second contention is that where it clearly appears there is not sufficient competent testimony to support the judgment, the motion for new trial on the ground of insufficiency of the evidence should be sustained.

To support this defendant urges there is no way of justifying the verdict, and the jury's improper acts, amounting to a total disregard of the instructions and the evidence, constituted proper grounds for new trial and such verdict cannot be permitted to stand.

This argument is without substantial merit. Heretofore we pointed out the sufficiency of the evidence to support the verdict rendered.

Judgment affirmed.

DAVISON, C.J., and GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.