**O. E. HIGGINBOTHAM, Plaintiff in Error,**

v.

**Beverly HARTMAN, Defendant in Error.**

**No. 42195.**

Supreme Court of Oklahoma.

Feb. 10, 1970.

Cargill, Chiaf & Cargill, by David Cargill, Oklahoma City, for plaintiff in error.

Alex Cheek, James H. Gray, Oklahoma City, for defendant in error.

HODGES, Justice.

This is an appeal from a judgment rendered on a verdict of the jury in favor of the defendant in a negligence action arising out of an automobile collision.

Plaintiff alleges in his petition that he sustained permanent and progressive injuries causing pain as a result of defendant's negligence. Parties were both drivers of vehicles heading the same direction on a city street. Defendant's vehicle collided with the rear of plaintiff's vehicle.

Upon a trial of the issues the trial court found in favor of the plaintiff on the issue of liability. The only issue submitted to the jury was the question of damages. The trial court instructed the jury as follows:

"You are further instructed that the court has determined that the defendant is liable to the plaintiff for such damage for personal injury sustained by the plaintiff directly and proximately arising out of the collision complained of by the plaintiff. *However, the defendant specifically denies that the plaintiff was damaged or injured as a result of this collision.* The only issue submitted to the jury for its consideration is the sole question of the amount, *if any,* due plaintiff to compensate him for personal injuries and damage as alleged in the plaintiff's petition directly and proximately caused by and resulting from the collision of the vehicles as al-

leged by the plaintiff." (Emphasis added)

The jury returned a verdict in favor of the defendant. Plaintiff did not object to the form or the reception of the verdict by the court.

Plaintiff contends the action of the jury was contrary to the court's instruction. That it was error to accept the jury verdict for the defendant when the court had directed the jury to return a verdict for the plaintiff. We disagree.

[1] The trial court did not direct the jury to return a verdict for the plaintiff. The court as a matter of law determined liability in favor of plaintiff. The jury was instructed to determine the amount of damages, if any, plaintiff sustained as a result of the accident. The trial court furnished the jury with two forms of verdict. One verdict form was where the jury finds in favor of the plaintiff and fixes the amount of damages. The second verdict form was where the jury finds in favor of the defendant. In returning a verdict for the defendant, the jury, in effect, found the plaintiff sustained no damages as a result of the accident. The jury did not disregard the instructions of the court, but was merely performing its function in determining plaintiff suffered no damages as a result of the accident.

Plaintiff also contends the verdict is inconsistent with itself and is not supported by the evidence. Plaintiff argues there was uncontradicted evidence of his pain and suffering, and if the verdict is construed to be in plaintiff's favor but for no damages, it is inconsistent and cannot stand.

In support of this proposition plaintiff cites Burkett v. Moran, Okl., 410 P.2d 876, where we granted a new trial upon the jury's failure to award damages for pain and suffering. There the jury returned a verdict for the plaintiff in the amount of $2754.78, but specified in the verdict that $239.27 was for automobile repairs, that $2,065.51 was for medical expenses and $450.00 was for one month's salary. We found the evidence was conclusive that plaintiff was injured and suffered some pain and suffering. The evidence was uncontradicted that he was in the hospital in traction on two different occasions for a total of five weeks and received treatment and injections for relief from pain and suffering. Nothing in the record in the present case compares to this tender of evidence. There was no visible damage to plaintiff's automobile, he was not hospitalized, and his limitation, disability, absence from work and medical treatment was minimal. His complaints of pain and suffering were purely subjective. Under these circumstances the jury was not obligated to accept plaintiff's testimony as true. The jury may accept or reject such testimony as they see fit, and the presumption favors the correctness of the verdict rendered. Coppock v. Woodworth, 202 Okl. 256, 212 P.2d 455.

The evidence also shows that plaintiff had been involved in another rear end accident some six weeks prior to the instant one. Although he testified he incurred no injury in that accident, he did say his bumper was damaged to the extent that it had to be replaced. In the present case he states the damaged bumper was only straightened and not replaced. This testimony supports defendant's defense of the improbability of injury, or the jury may very well have concluded that the injury of the plaintiff, if any, was a result of the prior accident. In any event these were proper matters of consideration for the jury, and as triers of fact their determination is final and unimpeachable.

Judgment affirmed.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON, and LAVENDER, JJ., concur.