Michael J. **DEATHERAGE**, Appellant,

v.

Tom **DYER**, d/b/a Frank's Radiator
Service, Appellee.

No. 46219.

Court of Appeals of Oklahoma,
Division No. 1.

Aug. 20, 1974.

Rehearing Denied Oct. 1, 1974.

Certiorari Denied Nov. 26, 1974.

Released for Publication by Order of Court
of Appeals Jan. 17, 1975.

Berringer, Briggs, Borders & Patterson, by Dale J. Briggs, Tulsa, for appellant.

Ray H. Wilburn, Tulsa, for appellee.

BOX, Presiding Judge:

An appeal by Michael J. Deatherage, plaintiff in the trial court, from a jury

verdict denying damages to both plaintiff and Tom Dyer, defendant and cross-petitioner.

This was an action for personal injury and property damage growing out of an automobile accident. The facts are as follows: On August 30, 1965, the plaintiff, an eighteen year old boy, was driving his automobile on the inside lane of a four lane street at a speed of approximately 30 miles per hour, which was within the legal speed limit. Immediately in front of the plaintiff, and also in the inside lane, was a large gravel truck. Plaintiff turned on his right turn signal and prepared to change lanes, preparatory to passing the truck. He had just started movement when the defendant backed his automobile out of a parking area and onto the street. The two automobiles collided. Plaintiff brought suit seeking recovery for personal injuries and damage to his automobile. Defendant answered by general denial and cross-petitioned for damages to his automobile. Trial was had and from a jury's verdict denying recovery to either party, plaintiff only has appealed.

Plaintiff alleges prejudicial error was committed by the trial court in that defense counsel was allowed to elicit testimony concerning two other automobile mishaps in which plaintiff had been involved. One allegedly occurred approximately eight months prior to, and the other a few months after this accident. This testimony was elicited on cross-examination of Michael Deatherage during presentation of plaintiff's case in chief. Timely objection was made and overruled.

First, it must be considered whether this was proper scope of cross-examination. 58 Am.Jur. Witnesses, § 620, p. 343, states:

" . . . The principal question arising in regard to the scope and extent of cross-examination is whether the examination (other than for purposes of impeachment) must be confined, and relate only to matters to which the witness has already testified, or may extend to other issues in the case. Here there are two well-recognized rules, one known as the 'English' rule, which allows cross-examination as to all matters material to the issues regardless of the scope of the direct examination of the particular witness, and the other which prevails in a majority of jurisdictions in the United States, that confines cross-examination to matters brought out on the direct examination of the witness."

It has long been established that Oklahoma follows the American rule. On direct examination Michael Deatherage was not examined as to other automobile accidents in which he may have been involved. As early as 1921 the Oklahoma Supreme Court has had a clear rule on this matter. In Kennedy v. Supnick, 82 Okl. 208, 200 P. 151, at page 154, the Court stated:

". . . If it had been admissible for any purpose, it would have been to establish defendant's defense. It is fundamental that the defendant should not be permitted to make his defense by the cross-examination of the plaintiff or plaintiff's witnesses on the matters not touched upon in the examination in chief.

" 'The cross-examination of a witness should be confined to the subject-matter of his direct examination.' Chicago, R. I. & P. v. Beatty, 34 Okl. 321, 118 P. 367, 42 L.R.A.,(N.S.) 984; Northern Pac. v. Urlin, 158 U.S. 271, 15 S.Ct. 840, 39 L.Ed. 977."

Secondly, we must question whether this evidence was relevant to any matter in issue. The answer of defendant consisted of a general denial, an allegation of contributory·negligence, and an allegation that the accident was an unavoidable casualty. Defendant's cross-petition alleged damages to his automobile as a result of plaintiff's negligence and want of care. He prayed for damages in the amount of $198.74. Defendant did *not* plead that *if* the plaintiff had suffered injury, it was due to either the *prior* or *later* accident.

It is well settled that evidence of other accidents is not admissible to show negligence. Behavior in a remote time and place tells us nothing of the care exercised in the instant accident. In the case of Holberg v. McDonald, 137 Neb. 405, 289 N.W. 542, which was cited with approval in Washita Valley Grain Co. v. McElroy, 262 P.2d 133 (Okl.1953), the Court said:

" . . . A very poor or careless driver may have been wholly free from fault in the particular instance involved and, likewise, the most skillful driver, accustomed to exercising the utmost care may be grossly negligent on one particular occasion. In either situation, to hold that the rights and liabilities of the parties should be determined, not solely by what they did, but by their conduct on other occasions and in different situations would put us on a tortious trail— tedious, difficult and expensive to follow and leading in the end only to intolerable injustice."

If this testimony were admissible at all, it would be solely on the issue of damages and as part of defendant's case in chief. However, this type of evidence is of the type which tends to prejudice the minds of the jury on the issues of liability. Therefore, because the attorney for the defendant did not plead antecedent or intervening cause of damages, or lay a proper foundation showing that *any* injury occurred in the other mishaps, the prejudicial nature of the evidence definitely outweighs any probative value it may have possessed. It was improperly admitted.

This brings us to the appellant's second proposition. It is alleged that the trial court erred in giving instruction No. 13, which is as follows:

"You are instructed that the Court has permitted evidence to go to the jury concerning certain other automobile accidents in which the plaintiff was involved, both before and after the accident here in question. You are instruct-

ed that *this evidence may be considered by you,* the jury, for the sole purpose in determining whether or not the injuries complained of by the plaintiff, if any, were proximately caused by the accident here in question.

"And *if you fail to find that* the plaintiff suffered any injury from the other accidents, or either of them, then you will disregard such evidence of any other accidents.

"However, *you are further instructed* in this regard that *if you do find* that the plaintiff suffered injury from the other accident, and if you further find *that the plaintiff suffered injuries which* were proximately caused by the negligence of the defendant in this accident, and *which aggravated any previous injury,* then the plaintiff would be entitled to recover from the defendant damages for such aggravation." (Emphasis supplied.)

Plaintiff's counsel objected to the admittance of the evidence when the questions were asked. When he realized that the testimony was going to be allowed, he requested a limiting instruction be given at that time.

"MR. BRIGGS: Your Honor, it occurs to met that if he's going to be permitted to go into this that Your Honor ought to explain to the jury the limited purpose for which it may be admissible.

"MR. WILBURN: Your Honor, I don't think it's necessary for counsel to—

"THE COURT: Go ahead and state your question at this time.

"MR. WILBURN: I asked him if he'd been—in fact my question was he'd had two other accidents before this one happened and that's as far as I got, Your Honor.

"Now, to explain anything further would allow the witness to anticipate my questions which is limiting my cross-examination.

"MR. BRIGGS: May I have a continuing objection to this.

"THE COURT: Show counsel's objection overruled. Go ahead."

Plaintiff also requested that an instruction to completely disregard this evidence be included in the charge to the jury. Both of these requests for limiting instruction were denied.

■ Once it was evident that no proper basis had been laid, and no evidence had been submitted to show any injury in the other accidents, the instructions given should have barred consideration of the evidence of other mishaps. Compare, Segal v. Cook, 6 Cir., 329 F.2d 278 (1964); Warner v. Maus, 209 Or. 529, 304 P.2d 423 (1956); and Marut v. Costello, 53 Ill.App. 2d 340, 202 N.E.2d 853 (1964).

The Supreme Court of Oklahoma has upon many occasions stated the Oklahoma position. The case of Overstreet v. Bush, 208 Okl. 365, 256 P.2d 416 (1953) was a personal injury action arising out of an automobile collision wherein the Supreme Court of Oklahoma stated on page 417:

"It is elementary that instructions must be confined to the issues raised in the pleadings, and supported by evidence; if otherwise, any instruction so given is erroneous, and constitutes error, and granting a new trial by trial judge under such circumstances is not error."

In the case of Fauks v. Garrett, 205 Okl. 129, 235 P.2d 921 (1951), the Supreme Court of Oklahoma followed a long-standing Oklahoma precedent with regard to inapplicable instructions. On page 925 the Court said:

"In Dickson v. Joy, 188 Okl. 597, 112 P.2d 355, 356, it was held: 'It is reversible error to give an instruction which has no application to the issues involved or the evidence in support thereof, where it is apparent that the rights of the losing party were thereby prejudiced.' "

■ Furthermore, that portion of instruction No. 13 referring to aggravation of pre-existing injuries was wholly improper and was misleading to the jury. There were no allegations concerning, no testimony in regard to, and simply no evidence of any pre-existing injuries or conditions on the part of the plaintiff which may have been aggravated by the accident with which this case is concerned. By its instruction No. 13, the trial court injected into the record an issue which had not been pleaded or proven. The instruction, in speaking of possible pre-existing injuries, may very well have confused the jury and given the mistaken impression that the plaintiff had indeed suffered some injuries in these other accidents.

Appellees cite Higginbotham v. Hartman, 465 P.2d 478 (Okl.1970) for the proposition that this evidence of a prior traffic accident wherein no injury was to have occurred is pertinent to and probative upon a defense theory of improbability of injury in a personal injury action arising out of a similar subsequent traffic mishap. The circumstances of this case are strikingly different from *Higginbotham*. The two cases are easily distinguishable. First, that case involved no issue of liability. The trial court as a matter of law determined liability in favor of the plaintiff, leaving only the issue of damages for the jury. Therefore, such evidence could not prejudice the minds of the jury on the issue of negligent causation as it could have here. Secondly, the admissibility of such evidence was not raised as an issue on appeal of that case.

We feel that to allow speculation as to probable lack of injury in one case because of an absence of it in another comes dangerously close to involving the same weaknesses as does allowing speculation as to presence or absence of negligence in one case because of presence or absence in another. Each accident is unique, although some have similar aspects. The position of the body on the seat or the braced or relaxed state of muscles may allow for a world

of difference. To allow this type of evidence without proper foundation and limiting instructions is to allow inference and conjecture a free reign.

In summary, it is clear that evidence of prior accidents is not admissible on the issue of probable misconduct or negligence in the accident in question. To admit evidence of prior injury, a proper foundation must be laid. For any evidence to be admissible, it must be relevant to a material point in issue. If improper evidence is admitted and it is of a prejudicial nature, the trial court must give proper limiting instructions.

For the reasons herein stated we hereby reverse and remand for a new trial.

Reversed and remanded.

ROMANG, J., concurs.