Julie Ann BISHOP, Appellant,

v.

HALE–HALSELL COMPANY, INC., Appellee.

No. 68310.

Supreme Court of Oklahoma.

Sept. 25, 1990.

Rehearing Denied Nov. 20, 1990.

Michael W. McGivern, Daniel L. Crawford, McGivern, Scott, Gilliard, McGivern & Robinson, Tulsa, for appellant.

David E. Strecker, Grace F. Renbarger, Conner & Winters, Tulsa, for appellee.

SIMMS, Justice.

Appeal from summary judgment in favor of appellee, Hale-Halsell Company, Inc. (Hale), in action brought by appellant, Julie Ann Bishop (Bishop). Bishop alleged that Hale fired her in retaliation for filing a workmen's compensation claim. The district court held that based on *Thompson v. Medley Material Handling, Inc.,* Okl., 732 P.2d 461 (1987), no material issue of fact existed because Bishop presented no evidence that Hale had an illegal motive in terminating her. The court further found no issue of fact as to Hale's affirmative defense that Bishop was physically unable to perform her assigned duties thereby rendering inquiry into Hale's motives and intent moot.

On appeal, the Court of Appeals reversed and remanded for trial to determine the issues of Bishop's inability to perform her duties and whether Hale terminated Bishop for cause or in retaliation for Bishop filing a workmen's compensation claim.

Based on this Court's decision in *Buckner v. General Motors,* Okl., 760 P.2d 803 (1988), which was promulgated subsequent to the Court of Appeals opinion, we vacate the Court of Appeals opinion, find no substantial controversy as to a material fact and affirm the judgment of the trial court. The facts are largely undisputed.

Bishop's duties as an order selector for Hale included the lifting of bags and boxes of produce weighing up to one hundred pounds (100 lbs.) with an average weight of forty pounds (40 lbs.). She injured her back while lifting a fifty pound bag of produce over her head. Although she received some chiropractic treatment for the injury, she continued to work. She suffered reoccurrences of the injury for several months before finally going to a medical doctor for an examination. During the time before the examination, Bishop occasionally missed work due to the pain and at times was temporarily allowed to have another person do her heavy lifting while she operated a cart. The first physician to examine Bishop determined her injury and disability was permanent and that she should not lift objects weighing more than twenty-five pounds. The physician further explained back surgery would correct Bishop's injury, but she would still be unable to lift objects weighing over twenty-five pounds without pain. Another doctor concurred in both diagnosis and prognosis and each examining physician felt that the pain would reoccur if Bishop continued to do any heavy lifting.

Bishop filed for workmen's compensation benefits and agreed to a joint petition settlement of her claim. Two weeks later, Bishop returned to Hale and asked to begin work again even though she stated that she had received no treatment and that her condition had not improved. Her supervisor told her that she could not return to work without a full duty release from her doctor showing that her condition had improved. She obtained a release stating she could return to "original duty," and gave it to one of her supervisors who then explained that she was terminated because she could no longer physically do her work. (The doctor testified on deposition that he released her because he felt sorry for her,

not because he thought she was well.) In an affidavit filed with the motion, the supervisor stated that he based his decision on the initial medical reports stating that Bishop's condition was permanent in nature.

The applicable statute, 85 O.S.1981, § 5, provides as follows:

"No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of Title 85 of the Oklahoma Statutes, or has testified or is about to testify in any such proceeding. *Provided no employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties.*" (Emphasis added)

In *Buckner v. General Motors*, supra, at pages 806–807, we construed this provision and set forth the elements of a prima facie case of retaliatory discharge. For simplicity, we merely note that Bishop has established a prima facie case. Besides establishing prima facie case elements, the holding in *Buckner* goes further in stating:

"After a prima facie case is established, the burden then appropriately shifts to the employer to rebut the inference that its motives were retaliatory by articulating that the discharge was for a legitimate non-retaliatory reason for the discharge.

Two of these reasons include the employee's inability to perform the assigned duties, or the bad faith pursuit of a compensation claim. The employer need not persuade the court that it was actually motivated by the proffered reasons. The employer's burden is a burden of production of relevant and credible evidence, not a burden of persuasion. It is sufficient if the employer's evidence raises a genuine issue of fact concerning whether it retaliatorily discharged the employee.

To accomplish this, the employer must set forth clearly, through the introduction of admissible evidence, the reasons for the employee's termination. The explanation provided must be legally sufficient to justify entering judgment for the employer. If the employer carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity." (Emphasis added) (Citations omitted)

■■■ We further held that the burden of production placed upon the employer serves two purposes which should be considered in evaluating the sufficiency of the rebuttal. These purposes are: (1) to meet the prima facie case by presenting a legitimate reason for the action, and (2) to frame the factual issue with sufficient clarity to provide the worker with a full and fair opportunity to demonstrate that the reason offered was not the true reason for terminating the worker. *Buckner*, at 807. Hale submitted ample evidence to rebut the inference that the discharge was retaliatory. All the medical evidence indicated that the injury and disability were permanent and that continued lifting would likely result in recurrence of the injury. The evidence suggested that Bishop was unable and would continue to be unable to lift the bags and boxes of produce without experiencing great pain. In essence, Bishop was unable to fulfill "her assigned duties." Hale also produced sufficient evidence to support its claim that this inability to work was the sole reason for terminating Bishop.

The holding of *Buckner* ultimately places the burden of persuasion upon the employee to show that they were a victim of retaliatory discharge. "The employee may succeed in this, either directly by persuading the court that the discharge was significantly motivated by retaliation for her exercise of statutory rights, or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* Bishop has accomplished neither. She testified that in her opinion, she was terminated for being a woman and for being a "troublemaker." She infers that her filing of the workmen's compensation claim was evidence of her making trouble. She further testified that her supervisors

had made the decision to terminate her PRIOR to her filing the claim. Bishop presented no evidence to support her opinion that she was a victim of retaliatory discharge. Indeed, Bishop testified that she knew that she was permanently injured and would experience pain if she went back to work. She merely speculates that her claim and settlement "may have" had something to do with her discharge.

In summarizing this Court's previous decisions concerning retaliatory discharge, we noted in *Buckner,* at 810, that *Thompson v. Medley Material Handling, Inc.,* Okl., 732 P.2d 461 (1987), *Elzey v. Forrest,* Okl., 739 P.2d 999 (1987), and *Pierce v. Franklin Electric Co.,* Okl., 737 P.2d 921 (1987), stand for the following propositions:

> "1) the protection of § 5 is limited to good faith actions taken by an employee who has suffered a work-related injury; 2) an employer may, without incurring tort liability, discharge an at-will employee who is physically unable to perform the duties of the job; 3) the employee must offer evidence which would establish circumstances giving rise to a legal inference that the discharge was significantly motivated by retaliation for the exercise of statutory rights; and 4) if retaliatory motivations comprise a significant factor in a employer's decision to terminate an employee, even though other legitimate reasons exist to justify the termination, the discharge violates the intent of § 5."

We find overwhelming evidence indicates that retaliation was not a factor in Hale's decision to terminate Bishop. Bishop's inability to work is established by the facts. No evidence was presented to question Hale's motives in terminating Bishop. Bishop's own unsupported speculation was insufficient to put Hale's motives in issue, rather, she needed to produce same supporting evidence to justify presenting the issue to a jury. *Riesinger's Jewelers, Inc. v. Roberson,* Okl.App., 582 P.2d 409, 411 (1978). Hale is "entitled to judgment as a matter of law because there is "no genuine issue as to any material fact." *Buckner,* at 812.

Accordingly, the judgment of the trial court is AFFIRMED.

All the Justices concur.