**Raymond D. MANTHA, Appellee,**

v.

**LIQUID CARBONIC INDUSTRIES, INC., Appellant.**

No. 75891.

Court of Appeals of Oklahoma, Division No. 3.

March 17, 1992.

Rehearing Denied April 27, 1992.

Certiorari Denied Oct. 6, 1992.

Patrick J. Malloy, III, Leslie V. Williams, Tulsa, for appellee.

Stephen L. Andrew, D. Kevin Ikenberry, Tulsa, for appellant.

## MEMORANDUM OPINION

JONES, Judge:

Raymond Mantha initiated the action below for retaliatory discharge arising under 85 O.S.1981 § 5. The jury awarded actual and punitive damages totalling $359,759.00. The Defendant below, Liquid Carbonic Industries, Inc., appeals the verdict.

## FACTS

On April 23, 1986, Ray Mantha was driving a truck filled with carbon dioxide to be used in an oil well frac operation. It was after dark and he was searching for a well site entrance. While attempting to cross a narrow wooden bridge on an unfamiliar and obscure country road, Mantha felt the wheels give way and the eighteen-wheel, tractor-trailer tumbled down the embankment into a creek bed. Mantha suffered personal injury and on April 30, 1986, he filed a claim for workers' compensation. Five days later, on May 5, 1986, he was discharged from his employment. The employer explained that Mantha's involvement in a "major preventable" accident was grounds for termination under the rules of a "collective bargaining agreement". Liquid Carbonics was not a union shop.

The present action was initiated on April 7, 1987. The jury rendered a verdict for $359,759.00. On appeal, the Employer lists nine propositions of error regarding generally the insufficiency of the evidence, preclusive effect of the arbitration award, improperly given or refused jury instructions, and incorrectly assessed damages.

## AUTHORITY

Oklahoma courts continue to recognize the long standing common law tradition which subjects an at-will employee to termination for any cause, without cause, or even for cause morally wrong. *Burke v. K–Mart*, 770 P.2d 24 (Okl.1989). Certain statutory exceptions protect an employee who files a workers' compensation claim in good faith from being discharged because of the filing of that claim.[1]

A plaintiff has met his burden of proof to establish a prima facie case for retaliatory discharge under 85 O.S.1981 § 5 if he shows he has been discharged after instituting a good faith claim for a work-related injury. The burden of persuasion remains at all times with the plaintiff. The burden of production shifts to the employer after a prima face case is made. The employer must then articulate a legitimate non-retaliatory reason for the discharge. This burden can be met by showing the plaintiff either made the claim in bad faith or that he was physically unable to perform his duties. *Buckner v. General Motors Corp.*, 760 P.2d 803, 806 (Okl.1988). If the employer fails to meet the burden of production, the plaintiff is entitled to a directed verdict. If the employer does meet this burden, it is not entitled to a directed verdict, but the factual inquiry simply pro-

---

1. No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of Title 85 of the Oklahoma Statutes, or has testified or is about to testify in any such proceeding. Provided no employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties. 85 O.S.1981 § 5.

ceeds to a new level of specificity. *Buckner* at 807. The plaintiff must then produce evidence to show the proffered reason is "pretext". If pretext is proven, plaintiff will prevail. If pretext is not shown, plaintiff still has a chance to recover upon a showing that his termination was significantly motivated by retaliation for the exercise of statutory rights. In fact, even if other legitimate reasons exist to justify the termination, when the filing of the claim is a significant factor the discharge violates the legislative intent of § 5. *Thompson v. Medley Material Handling, Inc.*, 732 P.2d 461 (Okl.1987); *Elzey v. Forrest*, 739 P.2d 999 (Okl.1987); *Pierce v. Franklin Electric Co.*, 737 P.2d 921 (Okl.1987); *Buckner v. General Motors Corp.*, 760 P.2d 803, 806 (Okl.1988) and *Bishop v. Hale–Halsell Company, Inc.*, 800 P.2d 232 (Okl.1990); *King v. Halliburton Co.*, 813 P.2d 1055 (Okl.Ct.App.1991). These cases have thus provided plaintiff with two chances to meet his burden of persuasion: (1) evidence that the retaliatory motive is significant; or (2) evidence showing the employer's proffered legitimate reason is pretext or not worthy of credence.

## I. THE SIGNIFICANT FACTOR TEST

■ In essence, the Employer asserts that the significant factor test defeats Mantha's recovery if he would have been terminated anyway. This unsupported assertion flies in the face of established Oklahoma precedent articulated in *Thompson v. Medley* and numerous cases cited above, which held if retaliatory motivations comprise a "significant factor" in an employer's decision to terminate an employee, *even though other legitimate reasons exist* to justify the termination, the discharge violates the legislative intent of § 5. (Emphasis added.) The case of *Hall v. O'Keefe*, 617 P.2d 196 (Okl.1980), offered by Employer, is distinguishable on its face. In that case two police officers were terminated after participating in prohibited conduct. They argued they had a property interest in their jobs and also claimed they were terminated because they were scheduled to attend a labor union meeting the following day. The *Hall* Court found the

record did not disclose even the suggestion of a link between the termination of the officers and their association with the proposed labor negotiations beyond the close proximity of time of these events. Id. at 201. The Court said:

> To establish a claim that the discharge of an officer by a corporate authority violates the Fire and Police Arbitration Act, the officer must show that his involvement in the activities protected by the Act was a substantial motivating factor in the decision to terminate his employment. A mere showing that the protected activities would be adversely affected by discharge is not sufficient to meet this burden. The officer cannot, by engaging in such conduct, shield himself from a removal which would occur in the absence of that conduct, nor can he by his involvement in protected labor activities force his employer to prove some more substantial grounds for removal than would have been required otherwise.

Id. at 201. Unlike *Hall*, the filing of the workers' compensation claim, coupled with the circumstances shown at trial, raise a clear inference of retaliatory discharge.

## II. EVIDENCE

### A. *Circumstantial Evidence.*

■ The employer, Liquid Carbonics, alleges that Mantha failed to prove his case by circumstantial evidence. Because employers seldom admit to any wrongdoing, the link between the employee's filing of a workers' compensation claim and his subsequent termination must usually be shown by circumstantial evidence. This evidence must have sufficient probative value to constitute the basis for a legal inference rather than mere speculation. *King v. Halliburton*, 813 P.2d 1055 (Okl.Ct.App. 1991); *Thompson v. Medley*, 732 P.2d 461.

■ Employer urges reliance upon federal law, citing *Buckner v. General Motors Corp.*, 760 P.2d 803 (Okl.1988). However, that case limited its reliance on federal law to the degree specified and discussed by the Court in its opinion. The court stated: "We do not mean to signal the wholesale

adoption and application of the federal law of employment discrimination to retaliatory discharge claims brought under § 5." *Id.* This Court will therefore limit its application of federal law to the *Buckner* Court's interpretation. The exception to the at-will rule provided by § 5 of the Workers' Compensation Act is obviously very narrow and should not be unnecessarily expanded by the Courts. *Pierce v. Franklin Electric Company,* 737 P.2d 921 (Okl.1987). The resolution of a case arising under the Act must be limited to the elements and burden of proof specified in the statute.

### B. *Testimony Regarding Comments of Non–Decision Makers:*

■ The employer objects to the admissibility of statements attributable to two employees on the grounds they were hearsay. On May 5, 1986, Tammy Sabherwall and District Manager Charlie Sadler conducted a meeting where the drivers were informed about the termination of Mantha. One of the drivers, Jack Coppedge testified that Sabherwall complained about how much workers' compensation claims were costing the company and that these claims would not be tolerated. Drivers, Gary Medlock and Wilbur Williams, confirmed his testimony. Medlock further testified that Sadler said, "If you men think you're going to get rich filing workman comp [sic] claims you better think again I don't believe that's going to happen. [sic]" Driver, Gary Croney, confirmed the other three driver's testimony regarding the comments of both Sabherwall and Sadler.

■ A statement is not hearsay if the statement is offered against a party and is a statement of which the party has manifested its adoption or belief in its truth or a statement by a person who has been authorized by the party to make a statement concerning the subject, or a statement by its agent or servant concerning a matter within the scope of the person's agency or employment. 12 O.S.Supp.1978 § 2801(4)(b)(2), (3), and (4). Employer argues that Sabherwall's statement is hearsay because she was not yet a member of management. In truth, the paperwork had

not been processed, but the drivers testified they understood she was their new boss. Not only was Sabherwall speaking concerning a matter within the scope of her employment, but her statement was apparently authorized by Sadler whose silence manifested an adoption of its truth. Further, Sadler's own remarks were not hearsay and were equally probative of the issue of whether the Company's action was significantly linked to Mantha's filing of the claim.

### III. ISSUE PRECLUSION

■ Employer believes the issue of whether the arbitration award has preclusive effect is critical to the resolution of this case. It is not. Employer states that Mantha sought to prove his case largely by contending the accident was not a major preventable accident. However, as noted, once Mantha established his prima facie case, he had two methods by which to recover. He could either prove the Employer's explanation was "pretext" or he could establish that his filing the workers' compensation claim was a "significant factor" leading to his discharge. The issue of "major preventable accident" was therefore not a threshold issue, but was available to employer to prevent a directed verdict only after Mantha made his prima facie case. Even if Mantha was not able to discredit Employer's reason, the Employer was certainly not entitled to a directed verdict, but was only allowed to submit the case to a jury.

■ Furthermore, the arbitration award in the instant case resulted from an ex parte hearing. Mantha objected to the arbitrator because he demanded payment in advance from him, but not from the Employer. The policy and procedure handbook required the cost of arbitration to be paid by the losing party. Because it could not be determined initially that Mantha would be the losing party, he had a valid reason for requesting a different arbitrator. That request was denied him and the hearing was held in his absence. The findings of the arbitrator were clearly irregular and have no binding effect in this litigation. However, even if the arbitration

hearing was not irregular, the remedy provided by state law in 85 O.S.1981 §§ 5 and 6 is independent of possible remedies provided in the collective bargaining agreement. *Marshall v. TRW, Inc., Reda Pump Division*, 900 F.2d 1517, 1524 (10th Cir. 1990). Availability of arbitration is immaterial. Id.

## IV. JURY INSTRUCTIONS

■ Employer contends the trial court erred in the instructions it gave, and in rejecting several others. A case will not be reversed on appeal for alleged error in the giving of instructions unless they clearly caused a miscarriage of justice. *Sunray DX Oil Co. v. Brown*, 477 P.2d 67 (Okl. 1970). After a thorough examination of the instructions in the instant case, we find the verdict would have been substantially the same if the proposed instructions had been submitted. Furthermore, several of the Employer's proposed instructions were vague, confusing, and did not clearly state the law. When construed in their entirety the instructions given have fairly submitted the issues to the jury. *Wooten v. Hall*, 442 P.2d 334 (Okl.1968).

## V. DAMAGES

■ Punitive damages are allowed in retaliatory discharge cases. *King v. Halliburton Co.*, 813 P.2d 1055 (Okl.Ct. App.1991). The trial court properly instructed the jury that punitive damages were allowed if Defendant's conduct amounted to oppression; reckless and wanton disregard of another's rights and the fact that such amount would serve as an example to others and should not be construed as compensation to the plaintiff. The jury properly concluded that Mantha was maliciously terminated in retaliation for filing a compensation claim. We do not find the jury's award of punitive damages is excessive because it does not appear to be grossly in excess or the result of passion, prejudice, or improper sympathies. *Cities Service Oil Co. v. Merritt*, 332 P.2d 677 (Okl.1958). A punitive damage claim rests peculiarly within the province of the jury and it will not be casually interfered with on appeal where it is claimed to have been actuated by passion or prejudice.

*Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907, 919 (1982).

■ Employer also contends that 85 O.S.1981 § 6 applies retroactively to cap punitive damages at $100,000.00. This is clearly not a correct assessment of the law. The Workers' Compensation Act provides a cause of action which would not otherwise exist, and § 6 was added to qualify the damages available. Even though the statute has been amended, subsequent to the accrual of Mantha's cause of action, only the statute in effect at the time of his termination is applicable to the facts in this case. The provision for damages is substantive and not procedural, so a retroactive application of the statute as amended would have the effect of eliminating the plaintiff's cause of action. The record adequately supports the jury's award of punitive damages to Mantha.

■ Employer complains the award of future damages was in error because no specific provision is made in 85 O.S.1981 § 6 for future damages. The Tenth Circuit held that an award of future damages to an employee who was discharged in retaliation for filing a workers' compensation claim would be upheld only if the evidence showed hostility at the work place. *Marshall v. TRW, Inc., Reda Pump Div.*, 900 F.2d 1517 (10th Cir.1990). Testimony in the record regarding comments of the Employers' representatives evidences a degree of hostility in excess of that which may be reasonably expected in an employment discharge case. The record further reveals the award of future damages was based on the difference between the amount that Mantha would have earned and the amount he would actually earn for a specified time into the future. The jury appropriately decided the issue of reasonableness based on the evidence.

■ Employer also contests the jury's award for mental anguish. In Oklahoma, mental anguish damages may be recovered when employee is discharged for filing a workers' compensation claim. *Malik v. Apex Intern Alloys, Inc.*, 762 F.2d 77 (10th Cir.1985). Mantha's testimony that he was depressed and had been under the care of a psychiatrist was sufficient evi-

dence of emotional harm to support an award of damages for mental anguish. Even though Mantha's statements were subjective, the jury is free to accept or reject such testimony as they see fit. C.f. *Higginbotham v. Hartman,* 465 P.2d 478 (Okl.1970). The presumption on appeal favors the correctness of the verdict rendered. *Id.* In the instant case, proof of mental suffering as an element of damages was sufficient to meet the requirement of "reasonableness" in 85 O.S.1981 § 6. We must presume the jury accepted as true the evidence which supports the verdict. *Video Independent Theatres, Inc. v. Cooper,* 421 P.2d 833 (Okl.1967).

We find the evidence is sufficient to support the jury's verdict awarding actual and punitive damages to Mantha. The damages assessed were reasonable and were not the product of conjecture or speculation. Mantha not only made a prima facie case for retaliatory discharge but proved his case with circumstantial evidence.

AFFIRMED.

HANSEN, V.C.J., and HUNTER, J., concur.