**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS ADAMS,

      Plaintiff-Appellant,

v.

STROMBECKER CORPORATION, a
corporation d/b/a Durant Plastics, Inc.,

      Defendant-Appellee.

No. 97-7018
(D.C. No. 96-CV-308-S)
(EOK)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **HENRY,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is

therefore ordered submitted without oral argument.

Thomas Adams brought suit against the Strombecker Corporation d/b/a

Durant Plastics, Inc. (Durant) alleging that Durant discriminated against him in

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq., by terminating his employment. He also alleged that Durant terminated him in retaliation for settling a workers' compensation claim in violation of Okla. Stat. tit. 85, § 5. The district court granted Durant's motion for summary judgment on both claims. Mr. Adams contends on appeal that he raised genuine issues of material fact on his ADA and state law claims, and that the district court abused its discretion in refusing to allow him to change his theory of recovery after the deadline for amending pleadings had passed. We disagree and affirm.

We review the grant or denial of summary judgment de novo, applying the same standards as the district court. See Lowe v. Angelo's Italian Foods, Inc., 87 F.3d 1170, 1173 (10th Cir. 1996). Summary judgment is appropriate if the evidence before the court, when viewed in the light most favorable to the non-moving party, demonstrates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. See Seymore v. Shawver & Sons, Inc., 111 F.3d 794, 797 (10th Cir. 1997).

Mr. Adams contends he was disabled by a back injury he sustained while on the job at Durant in 1994, and that Durant ultimately terminated him because of this disability. In order for Mr. Adams' injury to form the basis of an ADA discrimination claim, he must demonstrate the following:

> (1) that he is a disabled person within the meaning of the ADA; (2) that he is qualified, that is, with or without reasonable

accommodation (which he must describe), he is able to perform the essential functions of the job; and (3) that the employer terminated him because of his disability.

Milton v. Scrivner, Inc., 53 F.3d 1118, 1123 (10th Cir. 1995) (citing White v. York Int'l Corp., 45 F.3d 357, 360-61 (10th Cir. 1995)). To meet the first prong of his prima facie case, Mr. Adams must establish that his impairment "substantially limits" one or more "major life activities," or that he is "regarded as having such an impairment." 43 U.S.C. § 12102(2). There is no evidence in the record that Mr. Adams' injury affected his ability to care for himself, perform manual tasks, walk, see, hear, speak, breathe, learn or work. See Bolton v. Scrivner, 36 F.3d 939, 942 (10th Cir. 1994). Mr. Adams' inability to do the job from which he was terminated is insufficient to constitute a substantial limitation on his ability to work, and he made no showing that he was precluded from doing other jobs. See id. at 943. See also 29 C.F.R. § 1630.2(j)(3)(i) (1997).

Since Mr. Adams is not actually "disabled" within the meaning of the ADA, he must demonstrate that he was "regarded as" disabled in order to survive summary judgment on his ADA claim. The district court found that Mr. Adams did not plead a "regarded as" claim in his complaint, nor did his questions during discovery and statements during a settlement conference serve to notify Durant that he would assert such a claim. When Mr. Adams attempted to add a "regarded as" theory at the pre-trial conference, the district court granted Durant's motion to

exclude the claim as untimely raised. Mr. Adams now asserts that the district

should have allowed him to proceed under a "regarded as" theory.

We review the denial of Mr. Adams' attempt to amend his complaint for

abuse of discretion.[1] See TV Communications Network, Inc. v. Turner Network

Television, 964 F.2d 1022, 1028 (10th Cir. 1992). "A court abuses its discretion

if it refuses leave without expressing any justification," but if the denial "rests on

articulated reasons," such as futility or untimeliness, the decision will stand. Id.

See also Bauchman v. West High School, 132 F.3d 542, 559 (10th Cir. 1997),

petition for cert. filed, 66 U.S.L.W. 3733 (U.S. April 28, 1998) (No. 97-1764).

The district court found that Mr. Adams attempted to add a new claim after the

agreed deadline for amendment had passed, after discovery had been completed,

after Durant had filed its motion for summary judgment, and shortly before the

scheduled trial date. The record reveals no reason why Mr. Adams could not have

moved to amend his complaint at an earlier date. The district court was well

within its discretion under Fed. R. Civ. P. 15(a) to deny Mr. Adams' attempt to

assert a "regarded as" claim as untimely and prejudicial. See Hom v. Squire, 81

F.3d 969, 973 (10th Cir. 1996); Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th

---

[1]Mr. Adams never made a formal motion to amend his complaint but attempted to assert his new theory at the pre-trial conference. Durant then made a motion to exclude Mr. Adams' "regarded as" claim, which the district court granted. We review this question under the abuse of discretion standard as though the district court had denied a motion to amend.

Cir. 1993).  Consequently, Mr. Adams failed to make out a prima facie case of discrimination under the ADA.[2]

Finally, Mr. Adams cannot prevail on his state law retaliation claim.  In order to make out a retaliation claim under Okla. Stat. tit. 85, § 5, Mr. Adams must demonstrate that retaliation was a "significant factor" in his termination.  See Bishop v. Hale-Halsell Co., 800 P.2d 232, 235 (Okla. 1990)(quoting Buckner v. General Motors, Inc., 760 P.2d 803, 810 (Okla. 1988)).  It is undisputed that Mr. Adams could not perform the warehouse job from which he was terminated.  Pursuant to section 5, "an employer may, without incurring tort liability, discharge an employee who is physically unable to perform job duties."  Mosley v. Truckstops Corp. of America, 891 P.2d 577, 584 (Okla. 1994).  Because Mr. Adams provides no evidence that his termination was for any other reason, his allegations do not "give rise to a legal inference" that his termination was significantly motivated by retaliation.  Wallace v. Halliburton Co., 850 P.2d 1056, 1058 (Okla. 1993).

We **AFFIRM** the district court's order granting summary judgment in favor of Durant and dismissing this action in its entirety.

ENTERED FOR THE COURT
Stephanie K. Seymour
Chief Judge

---

[2]Because we conclude that Mr. Adams cannot meet prong (1) of the prima facie case, we do not consider prongs (2) and (3).