2000 OK CIV APP 50

**Herman GUSSA, Plaintiff/Appellee,**

v.

**J. MORRIS AND ASSOCIATES, INC., Defendant/Appellant.**

**No. 92,365.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 5, 1999.

Rehearing Denied Dec. 17, 1999.

Certiorari Denied April 4, 2000.

Michael D. Segler, Oklahoma City, Oklahoma, For Appellant.

Earl H. Remmel, Dallas, Texas, For Appellee.

## OPINION

CARL B. JONES, Chief Judge:

¶ 1 This action was brought by Herman Gussa, alleging that the defendant, J. Morris and Associates, Inc., violated the provisions of Title 85 O.S. § 5A by discharging him from employment for filing a Workers' Compensation claim. The cause was tried to a jury and it returned a verdict in favor of the plaintiff in the amount of $9,000.00. In this appeal the employer first alleges the plaintiff did not establish a prima facie case of retaliatory discharge. In this proposition the employer states that Plaintiff produced no evidence that his discharge was significantly motivated by retaliation for exercising his statutory rights. He submits that the plaintiff's proof shows only the filing of the claim and the discharge were close to simultaneous, and *Wallace v. Halliburton Co.*, 1993 OK 24, 850 P.2d 1056 establishes that fact does not, by itself, make out a prima facie case. Secondly, the employer asserts the verdict is not supported by the evidence. This conclusion is a result of the fact that the only evidence of the damage suffered by the claimant was his own testimony, unsupported by what the employer calls indispensable corroborating evidence.

¶ 2 As to the first offered error, the employee maintains correctly *Wallace v. Halliburton* provides that timing of a discharge may be evidence of a retaliatory discharge, while it does not establish a prima facie case. The employee points out this is not the only evidence in this cause. One of the owners of the company testified the employee was a good worker. A third factor the jury considered was the company's failure to comply with 85 O.S.1992 Supp. § 24.1, which provides:

A. Every employer shall keep a record of injuries, which result in the loss of time beyond the shift or which require medical attention away from the work site, fatal or otherwise, received by his employees in the course of their employment.

B. Within ten (10) days or a reasonable time thereafter, after the occurrence of such injury a report thereof shall be made in writing by the employer to the Court and to the employer's workers' compensation insurance carrier, if any, upon blanks to be procured from the Court for that purpose. Such reports shall state the name and nature of the business of the employer, the location of his establishment or place of work, the name, address and occupation of the injured employee, the time, nature, and cause of the injury and such other information as may be required by the Administrator.

C. Any employer who refuses or neglects to make a report as required by this section shall be liable for an administrative violation and subject to a fine by the Administrator of not more than One Thousand Dollars ($1,000.00).

¶ 3 Not only did the employer fail to fulfill his duties under the statute quoted, he neglected to accept *or file* a Form 2 even after the employee fully filled out the form (which was employer's duty to accomplish in the first place). Failing to comply with the statute is additional evidence of the employer's hesitancy to comply with the Workers' Compensation Laws of the state and this, in addition to the evidence the employee was a good worker, refutes the employer's contention that the only circumstance the employee could show to establish a prima facie case was termination seven days after the hiring

of an attorney to protect the employee's interests in the matter.

¶ 4 The second error in this judgment offered by the employer is lack of evidentiary support for the damage verdict of $9,000.00. For support of this proposition, *Mantha v. Liquid Carbonic Industries*, 1992 OK CIV APP 28, 839 P.2d 200 is cited. However, *Mantha*, does not provide the succor that the employer anticipates from this case, and he cites no other authority for the proposition. What *Mantha does say* is that testimony of a subjective nature from the employee is sufficient to support a judgment:

§ 17 Employer also contests the jury's award for mental anguish. In Oklahoma, mental anguish damages may be recovered when employee is discharged for filing a workers' compensation claim. *Malik v. Apex Intern. Alloys, Inc.*, 762 F.2d 77 (10th Cir.1985). *Mantha's* testimony that he was depressed and had been under the care of a psychiatrist was sufficient evidence of emotional harm to support an award of damages for mental anguish. *Even though Mantha's statements were subjective, the jury is free to accept or reject such testimony as they see fit.* C.f. *Higginbotham v. Hartman*, 465 P.2d 478 (Okl.1970). The presumption on appeal favors the correctness of the verdict rendered. *Id.* In the instant case, proof of mental suffering as an element of damages was sufficient to meet the requirement of "reasonableness" in 85 O.S.1981 § 6. We must presume the jury accepted as true the evidence which supports the verdict. *Video Independent Theatres, Inc. v. Cooper*, 421 P.2d 833 (Okl.1967).

(ea.)

¶ 5 Therefore, Employer's reference to *Mantha* does not support his thesis that the testimony of the employee alone is sufficient to support the verdict rendered here. Additionally, it is noted that the worker's wife supported this testimony, as she said he was very depressed and the situation was stressful for both of them. As said in another case of the Court of Civil Appeals:

As stated by one writer, "(I)t takes little foresight to acknowledge that a person whose employment is terminated is going to suffer mental anguish, embarrassment and even humiliation. The degree of such anguish and the amount of compensation an employee is entitled to is, of course, a matter for the jury to determine".[1]

¶ 6 No legal error has been demonstrated on appeal. Absent legal error, the appellate court is bound by the jury's assessment of the evidence, even though conflicting. A verdict which is supported by conflicting but competent evidence will not be disturbed on appeal. *Mitchell v. Ford Motor Credit Co.*, 688 P.2d 42 (Okla.1984). Consequently, this judgment must be, and is affirmed.

AFFIRMED.

¶ 7 HANSEN, P.J., and ADAMS, J., concur.

---

1. *Williams v. ABS Enterprises, Inc.*, 1987 OK CIV APP 6, 734 P.2d 854, quoting from Gloyd L. McCoy, A Primer on the Oklahoma Retaliatory Discharge Act, 56 O.B.J. 715 (1986).