2002 OK CIV APP 84

Brian HALL, Plaintiff/Appellant,

v.

CONAGRA FOODS, INC.,
Defendant/Appellee,

and

Conagra Flour Milling Company; Conagra Grocery, Inc.; John Mason; and Eric Schmidt, Defendants.

No. 96,963.

Court of Civil Appeals of Oklahoma,
Division No. 2.

Aug. 13, 2002.

Loren Gibson, McCaffrey & Gibson, Oklahoma City, OK, For Plaintiff/Appellant.

Guy Clark, Northcutt, Clark, Gardner, Hron & Tate Ponca City, OK, For Defendant/Appellee.

Opinion by TOM COLBERT, Presiding Judge.

¶1 Brian Hall appeals the trial court's grant of summary judgment in favor of Con-

Agra Foods, Inc.[1] The issues on appeal in this action for retaliatory discharge are (1) whether Hall's acceptance of back pay and reinstatement following mediation of his grievance precluded him as a matter of law from filing suit for retaliatory discharge, and (2) whether there is a question of fact as to whether Hall intended to bargain away his right to bring a retaliatory discharge action by accepting back pay and reinstatement. We conclude that Hall's acceptance of back pay and reinstatement did not automatically preclude him from filing this lawsuit. We further conclude that there is a question of fact as to whether Hall intended his acceptance of back pay and reinstatement to be a full settlement of all claims against ConAgra. Therefore, we reverse and remand for further proceedings.

## BACKGROUND

¶ 2 Hall began working for ConAgra in June 1993. During the course of his employment, he suffered several on-the-job injuries. In January 1998, John Mason, ConAgra's plant manager, wrote Hall a letter which stated that, because Hall had an unsatisfactory safety record which resulted in his filing six claims since June 1993 and losing 218 work days in the preceding three years, he was terminated from his employment with ConAgra.

¶ 3 Hall filed a grievance with his union, asserting that ConAgra terminated him in retaliation for filing a workers' compensation claim. ConAgra and the union had entered into a collective bargaining agreement providing that employees could be discharged only for "proper cause." In February 1999, the union facilitated a compromise whereby ConAgra would pay Hall $11,436.96 in back pay and reinstate his employment. No mediation hearings were actually conducted. Hall accepted the settlement and returned to work in March 1999.

1. Initially, Hall also named ConAgra Flour Milling Company, ConAgra Grocery, Inc., John Mason, and Eric Schmidt as defendants. However, prior to the entry of summary judgment, Hall dismissed all defendants except ConAgra Foods, Inc.

¶ 4 In January 2001, Hall filed this lawsuit.[2] ConAgra moved for summary judgment on the ground that Hall's acceptance of the settlement constituted a complete release of all claims Hall might have against ConAgra. Following a hearing, the trial court granted summary judgment in favor of ConAgra. Hall appeals.

## STANDARD OF REVIEW

¶ 5 "Summary judgment is proper only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Davis v. Leitner,* 1989 OK 146, ¶ 9, 782 P.2d 924, 926. Although a trial court considers factual matters when deciding whether summary judgment is appropriate, its ultimate decision is purely legal: "whether one party is entitled to judgment as a matter of law because there are no material disputed factual questions." *Carmichael v. Beller,* 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. Therefore, our standard of review is de novo, meaning that we have "plenary, independent and non-deferential authority to *re-examine a trial court's legal rulings."* See *Polymer Fabricating, Inc. v. Employers Workers' Comp. Ass'n,* 1998 OK 113, ¶ 8 & n. 6, 980 P.2d 109, 113 & n. 6.

## DISCUSSION

¶ 6 The material facts are not in dispute as to the first issue, and the question presented is one of law: whether Hall's acceptance of back pay and reinstatement following mediation of his grievance automatically precluded him from filing suit against ConAgra for retaliatory discharge. The trial court's order merely states that "the material and determinative facts are undisputed and ... [ConAgra] is entitled to judgment as a matter of law." The parties, however, agree that the

2. The three-year statute of limitations of 12 O.S. 2001 § 95(2) governs retaliatory discharge claims against non-governmental entities. See *Ingram v. Oneok, Inc.,* 1989 OK 82, ¶ 25, 775 P.2d 810, 815. ConAgra terminated Hall on January 20, 1998; Hall filed his petition on January 19, 2001. Thus, his petition was timely filed.

trial court found that Hall's acceptance of the settlement was a complete release of all existing and potential claims against ConAgra.[3]

¶ 7 Discharge in retaliation for filing a workers' compensation claim is strictly prohibited by the Workers' Compensation Act. 85 O.S.2001 § 5(A). An employee discharged in violation of section 5 is entitled to both actual and punitive damages. 85 O.S.2001 § 6. The remedies provided by sections 5 and 6 are independent of remedies provided in a collective bargaining agreement. *Mantha v. Liquid Carbonic Indus., Inc.*, 1992 OK CIV APP 28, ¶ 12, 839 P.2d 200, 204–05; *Marshall v. TRW, Inc., Reda Pump Div.*, 900 F.2d 1517, 1524 (10th Cir.1990) (applying Oklahoma law).[4]

¶ 8 Hall relies on *Peabody Galion v. Dollar*, 666 F.2d 1309 (10th Cir.1981) (applying Oklahoma law), which we find instructive. There, the employer argued the availability of arbitration under a collective bargaining agreement barred its employees from filing suit for retaliatory discharge. The Tenth Circuit held that a provision in a collective bargaining agreement did not bar the statutory remedy of retaliatory discharge. *Id.* at 1323. The Court further held that neither federal nor state law limited employees to arbitration as an exclusive remedy, because the workers' compensation statute provides a substantive right which cannot be limited by a collective bargaining agreement. *Id.* at 1323–24. The Tenth Circuit explained that section 5 "plainly was intended to prohibit all retaliatory discharges related to workers' compensation claims, regardless of the existence of alternate remedies in collective bargaining agreements." *Id.* at 1324. The Court also pointed out that arbitrators are often powerless to grant employees the full range of remedies they could obtain in a judicial proceeding for retaliatory discharge. *Id.* at 1322.

¶ 9 The Illinois Supreme Court interpreted a similar statute in *Ryherd v. General Cable Co.*, 124 Ill.2d 418, 125 Ill.Dec. 273, 530 N.E.2d 431 (1988), where a union employee who lost her grievance filed suit against her employer for retaliatory discharge. The court held that previous arbitration, whether successful or unsuccessful, does not preclude a subsequent claim of retaliatory discharge in state court. *Id.* at 438. Similarly, in *Alfieri v. CSX Corp.*, 201 Ill.App.3d 559, 147 Ill.Dec. 166, 559 N.E.2d 166 (1990), the plaintiff, reinstated to his employment following successful arbitration of his grievance, argued the trial court erred in dismissing his complaint for retaliatory discharge on the ground that the prior arbitration barred him from bringing suit. The court held that the plaintiff's grievance and his state tort allegations were separate claims, and his lawsuit for retaliatory discharge was not barred by the previous successful arbitration. *Id.* at 173.[5] Based upon these authorities, we conclude that Hall's acceptance of back pay and reinstatement following mediation of his grievance did not automatically preclude him from filing suit for retaliatory discharge.

---

**3.** The parties use the specific terms, "accord and satisfaction," and "settlement and release." However, resolution of this dispute does not depend upon an analysis of these specific terms.

**4.** In *Marshall v. TRW, Inc., Reda Pump Div.*, 900 F.2d 1517 (10th Cir.1990), relied on by Hall, the Tenth Circuit held that the plaintiff's state tort claim for retaliatory discharge for filing a workers' compensation claim was not pre-empted by the Labor Management Relations Act, although the employer argued that the plaintiff was terminated pursuant to a collective bargaining agreement. *Marshall* does not resolve the precise question confronting this Court.

**5.** *See also Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). There, a discharged employee who filed a grievance and received back pay and reinstatement filed a subsequent suit in an Illinois state court for retaliatory discharge. Upon removal of the case to federal court, both the trial and appellate courts held that the employee's state law claim was preempted by the Federal Labor Management Relations Act. Although the United States Supreme Court did not specifically address whether the state claim was precluded by the previous arbitration, it reversed the trial court's dismissal of the employee's retaliatory discharge claim and allowed her to pursue state remedies. The Court held that "an application of state law is preempted by § 301 of the Labor Management Relations Act . . . only if such application requires the interpretation of a collective-bargaining agreement." *Id.* at 413, 108 S.Ct. at 1885. The Court explained that the employee's statutory claim was independent and did not turn on any provision of her collective bargaining agreement. *Id.* at 407, 108 S.Ct. at 1882.

¶ 10 We must also determine whether there is a question of fact as to whether Hall intended his acceptance of settlement to constitute a complete release of all potential claims he might have against ConAgra. Although ConAgra contends Hall's acceptance of the settlement was a complete release of all claims against it—a contention Hall clearly disputes—it provided no evidentiary materials to support this contention. We, therefore, conclude that a question of fact exists regarding Hall's intent which precludes summary judgment.[6]

## CONCLUSION

¶ 11 Hall's acceptance of back pay and reinstatement following mediation of his grievance did not automatically preclude him from filing suit for retaliatory discharge. Moreover, there is a question of fact as to whether Hall intended to bargain away his right to bring a retaliatory discharge action by accepting back pay and reinstatement.

¶ 12 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

RAPP, J., and GOODMAN, J., concur.

---

6. We do not decide whether Hall alleged sufficient facts to make out a prima facie case of retaliatory discharge. ConAgra's motion for summary judgment addressed the legal issue of whether Hall was precluded from bringing suit due to his acceptance of settlement, and it appears that the trial court's grant of summary judgment is based upon this legal issue.